## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

**MARTHA HERNANDEZ**

    **and**

**YOLANDA COLE**

**Individually and on Behalf of**
**All Others Similarly Situated,**

      **Plaintiffs,**

    **v.**                     **CASE NO. 19-cv-356**

**CAMEO INVESTMENTS, LLC**
**d/b/a CENTERFOLDS CABARET**
**2900 Washington Avenue**
**Minneapolis, Minnesota 55411**

**SERVE:  Bill Ortell**
**702 Tower Avenue**
**Superior, Wisconsin 54880**

    **and**

**CAMEO INVESTMENTS II, LLC**
**d/b/a CENTERFOLDS CABARET**
**2900 Washington Avenue**
**Minneapolis, Minnesota 55411**

**SERVE:  Bill Ortell**
**702 Tower Avenue**
**Superior, Wisconsin 54880**

    **and**

**CAMEO FAMILY INVESTMENTS, LLC**
**21400 West Edinbourgh Drive**
**New Berlin, Wisconsin 53145**

**SERVE:  Delaine Nelson**

**21400 West Edinbourgh Drive**
**New Berlin, Wisconsin 53145**

     **Defendants.**

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Plaintiffs Martha Hernandez and Yolanda Cole, individually and on behalf of the members of the proposed classes identified below.

2.    Plaintiffs and the putative class members are, or were, employees of Defendants Cameo Investments, LLC, Cameo Investments II, LLC, and Cameo Family Investments, LLC each individually and collectively operating as Centerfolds Cabaret at 702 Tower Avenue Superior, Wisconsin 54880 (collectively referred to hereinafter as "Centerfolds Cabaret" or "Defendants") at times since May 2016.

3.    Within the statutory period of three years from the filing of this complaint, Centerfolds Cabaret has had uniform policies and practices of failing to pay minimum wages compensation, and taking and assigning tips and gratuities from customers, and unlawfully fining and otherwise deducting wages from Plaintiff Hernandez, Plaintiff Cole, and the putative class members for all hours worked in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin law.

4.      Within the statutory period of two years from the filing of this complaint, Centerfolds Cabaret has also fined Plaintiff Hernandez, Plaintiff Cole, and the putative class members in violation of Wis. Stat. § 103.455.

5.      As a result, Centerfolds Cabaret has denied Plaintiff Hernandez, Plaintiff Cole, and the putative class members of minimum wage compensation and retention of tips and gratuities in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as minimum wages and wages in violation of Wisconsin law.

6.      Further, Plaintiff Hernandez, Plaintiff Cole, and the putative class members have been subject to multiple illegal fines as a result of Centerfolds Cabaret policies.

7.      Plaintiffs Hernandez and Cole bring this action, individually and on behalf of other similarly situated current and former Centerfolds Cabaret employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid minimum wages, recovery of unlawfully assigned or withheld tips, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

8.      Plaintiffs Hernandez and Cole also bring this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, taking and assignment of tips and gratuities, illegal deductions,

civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

10.    The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.    Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events or omissions giving rise to the claims occurred within the district and Defendants have had substantial and systematic contacts in this district within the relevant statutory periods.

## PARTIES

12.    Defendant Cameo Investments, LLC d/b/a Centerfolds Cabaret Gentleman's Club is a Limited Liability Company formed under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. At all times relevant, Cameo Investments, LLC, along with Cameo Investments II, LLC, and Cameo Family Investments, LLC, collectively and as a single or joint enterprise, operated and did business as Centerfolds Cabaret, a gentlemen's club featuring female nude and semi-nude exotic dancers in Superior, Wisconsin.

13.     Defendant Cameo Investments II, LLC d/b/a Centerfolds Cabaret Gentleman's Club is a Limited Liability Company formed under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. At all times relevant, Cameo Investments II, LLC, along with Cameo Investments, LLC, and Cameo Family Investments, LLC, collectively and as a single or joint enterprise, operated and did business as Centerfolds Cabaret, a gentlemen's club featuring female nude and semi-nude exotic dancers in Superior, Wisconsin.

14.     Defendant Cameo Family Investments, LLC d/b/a Centerfolds Cabaret Gentleman's Club is a Limited Liability Company formed under the laws of the State of Wisconsin with its principal place of business in New Berlin, Wisconsin.  At all times relevant, Cameo Family Investments, LLC, along with Cameo Investments, LLC, and Cameo Investments II, LLC, collectively and as a single or joint enterprise, operated and did business as Centerfolds Cabaret, a gentlemen's club featuring female nude and semi-nude exotic dancers in Superior, Wisconsin.

15.     Because Centerfolds Cabaret operates as a single or joint enterprise, agents, assigns, and management on behalf of Cameo Family Investments, LLC, Cameo Investments, LLC, and Cameo Investments II, LLC, oversaw the day-to-day operations of Centerfolds Cabaret and individually and collectively had full operational control of the gentlemen's club including control over all human resources and compensation aspects of Centerfolds Cabaret' operation, authority to hire, fire, and discipline Centerfolds Cabaret's employees, including its exotic dancers, misclassification of exotic dancers as independent contractors rather than

as employees, and determining the rates and methods of compensation for

Centerfolds Cabaret's employees, including its exotic dancers.

16.     Joinder of Defendants is proper pursuant to Fed.R.Civ.P. 20(a)(2)

because Plaintiffs' rights to relief are asserted against all Defendants and are

arising out of the same series of occurrences and common questions of law and fact.

17.     Plaintiff Martha Hernandez ("Hernandez") is an adult who resides in

Buffalo New York.

18.     By acting as a named plaintiff in this action, and by filing this Class

and Collective Action Complaint, Plaintiff Hernandez hereby affirms and confirms

her consent to participate as a plaintiff and class representative in an action

seeking unpaid wages and damages under the FLSA and Wisconsin law.

19.     Plaintiff Hernandez has worked for Centerfolds Cabaret as an exotic

dancer during the period of about 2012 through about 2018.

20.     Plaintiff Yolanda Cole ("Cole") is an adult who resides Milwaukee,

Wisconsin.

21.     By acting as a named plaintiff in this action, and by filing this Class

and Collective Action Complaint, Plaintiff Cole hereby affirms and confirms her

consent to participate as a plaintiff and class representative in an action seeking

unpaid wages and damages under the FLSA and Wisconsin law.

22.     Plaintiff Cole has worked for Centerfolds Cabaret as an exotic dancer

during the period of about 2016 through about 2018.

23.     Plaintiffs Hernandez and Cole bring this action on behalf of themselves and all other similarly situated employees in the FLSA Minimum Wage Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Centerfolds Cabaret and who were not paid minimum wages for each hour worked since May 2016.

24.     Plaintiffs Hernandez and Cole bring this action on behalf of themselves and all other similarly situated employees in the Wisconsin Minimum Wage Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Centerfolds Cabaret and who were not paid minimum wages for each hour worked since May 2017.

25.     Plaintiffs Hernandez and Cole bring this action on behalf of themselves and all other similarly situated employees in the Wisconsin Deductions Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Deductions Class** is defined as follows:

> All persons who worked as an exotic dancer for Centerfolds Cabaret in Wisconsin and who were subjected to fines at any time since May 2017.

26.     The FLSA Minimum Wage Class will be referred hereinafter as the "Collective Class."

27.     The Wisconsin Minimum Wage Class and the Wisconsin Deductions Class, will be referred to collectively hereinafter as the "Wisconsin Classes."

28.     The FLSA Minimum Wage Class, the Wisconsin Minimum Wage

Class, and Wisconsin Deductions Class will be referred to collectively hereinafter as

the "Classes."

<u>**GENERAL ALLEGATIONS**</u>

29.     Plaintiffs Hernandez and Cole, and the Collective Class work, or have

worked, as exotic dancers for Centerfolds Cabaret at times since May 2016.

30.     Plaintiffs Hernandez and Cole, and the Wisconsin Classes work, or

have worked, as exotic dancers for Centerfolds Cabaret since May 2016.

31.     Since at least May 2016, Centerfolds Cabaret has operated a

gentleman's club and restaurant providing exotic dancers for its customers in

Superior, Wisconsin.

32.     Plaintiffs, the Collective Class, and the Wisconsin Classes dance to

music which Centerfolds Cabaret streams over the internet. The internet is an

instrumentality of commerce. A significant portion of the dances are performed to

music which is streamed over the internet and therefore, Plaintiffs, the Collective

Class, and the Wisconsin Classes use instrumentalities of commerce while

performing all dances each workday.

33.     Centerfolds Cabaret has a cashier who takes payments for all dances

performed by Plaintiffs, the Collective Class, and the Wisconsin Classes. The

cashier processes numerous credit card transactions each day Centerfolds Cabaret

is open.

34.     Centerfolds Cabaret serves beer and liquor which is brewed/distilled outside of Wisconsin, along with soda which is also manufactured outside of Wisconsin.

35.     Centerfolds Cabaret serves food which is manufactured outside of Wisconsin.

36.     In each year relevant, Centerfolds Cabaret had gross sales or revenue exceeding $500,000.00.

37.     Centerfolds Cabaret labels Plaintiffs, the Collective Class, and the Wisconsin Classes as independent contractors.

38.     Despite using the label of "independent contractor," Centerfolds Cabaret retains the absolute right to control and direct the work of Plaintiffs, the Collective Class, and the Wisconsin Classes.

39.     Centerfolds Cabaret requires Plaintiffs, the Collective Class, and the Wisconsin Classes to show up and dance on stage at set times and will fine Plaintiffs, the Collective Class, and the Wisconsin Classes for failing to follow their strict codes of conduct.

40.     Centerfolds Cabaret requires Plaintiffs, the Collective Class, and the Wisconsin Classes to wear specific clothing, and prescribes strict rules regarding breaks and how to dance while on the floor.

41.     Centerfolds Cabaret sets the rate which Plaintiffs, the Collective Class, and the Wisconsin Classes were restricted to and permitted to charge for lap dances, manager specials, and VIP rooms.

42.     Plaintiffs, the Collective Class, and the Wisconsin Classes provide the very service that Centerfolds Cabaret primarily offers – exotic dancing services for Centerfolds Cabaret's paying customers.

43.     Plaintiffs, the Collective Class, and the Wisconsin Classes have not been paid any wages by Centerfolds Cabaret at any time within the statutory periods.

44.     In each and every workweek that Plaintiffs, the Collective Class, and the Wisconsin Classes have worked for Centerfolds Cabaret within the statutory periods, Centerfolds Cabaret has not any wages for each hour worked.

45.     Plaintiffs, the Collective Class, and the Wisconsin Classes are paid by Centerfolds Cabaret' customers on a per dance basis and tips.

46.     Plaintiffs, the Collective Class, and the Wisconsin Classes are tipped employees under the FLSA and Wisconsin law.

47.     For each shift Plaintiffs, the Collective Class, and the Wisconsin Classes worked, Centerfolds, by and through their managers, supervisors, and other non-customarily tipped employees, took, kept, and/or assigned tips Plaintiffs, the Collective Class, and the Wisconsin Classes received from customers.

48.     For each dance Plaintiffs, the Collective Class, and the Wisconsin Classes provide to customers, Plaintiffs, the Collective Class, and the Wisconsin Classes pay Centerfolds Cabaret a house fee, and/or percentage of the amount the customer pays for the services.

49.     Centerfolds Cabaret cannot claim FLSA or Wisconsin "tip credit" compliance because Centerfolds Cabaret does not pay Plaintiffs, the Collective Class, and the Wisconsin Classes an hourly wage at or meeting the "tip credit" minimum wage or any wages at all.

50.     Centerfolds Cabaret cannot claim the FLSA or Wisconsin "tip credit" because Centerfold Cabaret does not obtain a tip declaration from Plaintiffs, the Collective Class, and the Wisconsin Classes recording all tips earned by Plaintiffs, the Collective Class, and the Wisconsin Classes.

51.     Centerfolds Cabaret cannot claim the FLSA or Wisconsin "tip credit" because Centerfolds Cabaret did not provide Plaintiffs, the Collective Class, or the Wisconsin Classes with notice that Centerfolds would be paying pursuant to the "tip credit" or what the "tip credit" methodology would entail.

52.     Centerfolds Cabaret cannot claim the FLSA or Wisconsin "tip credit" because Centerfolds Cabaret did not allow Plaintiffs, the Collective Class, or the Wisconsin Classes to keep and retain all tips received from customers.

53.     Since May 2017, Centerfolds Cabaret has imposed various "fines" on Plaintiffs, the Collective Class, and the Wisconsin Classes for alleged violations of Centerfolds Cabaret's company policies.

54.     The deductions for fines assessed by Centerfolds Cabaret have not been authorized in writing by Plaintiffs and the Wisconsin Deductions Class.

55.     Centerfolds Cabaret did not provide Plaintiffs and the Wisconsin Deductions Class the opportunity to contest the fines.

56.     Plaintiffs and the Wisconsin Deductions Class have been assessed fines by Centerfolds Cabaret without a signed writing authorizing the fine.

57.     Wis. Stat. § 103.455 does not require Plaintiffs to exhaust administrative remedies prior to bringing a claim under Wis. Stat. § 103.455.

58.     As an example, Centerfolds Cabaret's company policy strictly requires that Plaintiffs, the Collective Class, and the Wisconsin Classes are ready and on the floor dancing by the start of their scheduled shifts. If they are not at Centerfolds Cabaret or ready to work at that set time, Plaintiffs, the Collective Class, and the Wisconsin Classes are fined. For each hour Plaintiffs, the Collective Class, and the Wisconsin Classes are late to their scheduled shifts, they are fined.

59.     Likewise, Plaintiffs, the Collective Class, and the Wisconsin Classes are fined undisclosed and variant sums for alleged conduct displeasing to Centerfolds Cabaret's management or otherwise in violation of club policies, procedures, rules, and practices.

60.     As a result of Centerfolds Cabaret' uniform practice to impose various punitive fines on Plaintiffs and Wisconsin Discussions Class Centerfolds Cabaret took illegal deductions from its dancers', including Plaintiffs and Wisconsin Deductions Class, at various times since May 2017.

61.     Centerfolds Cabaret's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Hernandez, Plaintiff Cole, the Collective Class, and the Wisconsin Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

62.     Plaintiffs Hernandez, Cole, and the Collective Class that they bring this action on behalf of, are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Centerfolds Cabaret' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them a minimum wage for each hour worked. The claims of Plaintiffs Hernandez and Cole stated herein are the same as those of the Collective Class they seek to represent.

63.     Plaintiffs Hernandez, Cole, and the Collective Class seek relief on a collective basis and challenge Centerfolds Cabaret' policies and practices which lead to federal wage violations.

64.     As a result of the above alleged uniform pay practices, Centerfolds Cabaret has failed to pay Plaintiffs Hernandez, Cole, and the FLSA Minimum Wage Class the required minimum wages for all hours worked.

65.     The Collective Class are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Centerfolds Cabaret. Notice can be provided to the Collective Class via first class mail to the last address known to Centerfolds Cabaret and through posting at Centerfolds Cabaret's facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

66.     Plaintiffs Hernandez and Cole bring their Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Classes for violations occurring on or after May 2017.

67.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Centerfolds Cabaret.

68.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Centerfolds Cabaret, upon information and belief, there are at least 50 members in the Wisconsin Classes.

69.     Plaintiff Hernandez's and Plaintiff Cole's minimum wage and illegal deductions claims are typical of those claims which could be alleged by any member of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class in separate actions. The alleged claims arise out of the same corporate practices of Centerfolds Cabaret and Centerfolds Cabaret benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Minimum Wage Class and Wisconsin Deductions Class member. Plaintiff Hernandez, Plaintiff Cole, and other members of the Wisconsin Minimum Wage Class and the Wisconsin Deductions

Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

70.     Plaintiffs Hernandez and Cole are able to fairly and adequately protect the interests of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class and have no interests antagonistic to the Wisconsin Class.

71.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members, such as:

   a) Whether Centerfolds Cabaret exotic dancers are employees or independent contractors;

   b) Whether Centerfolds Cabaret violated Wisconsin's wage and hour laws by failing to pay Plaintiffs Hernandez, Cole, and the Wisconsin Minimum Wage Class the applicable minimum wage rate for all hours worked; and

   c) Whether Centerfolds Cabaret' actions as described in this Complaint were willful violations of Wisconsin law.

72.     There are questions of fact and law common to the Wisconsin Deductions Class that predominate over any questions affecting only individual members, such as:

   a) Whether Plaintiffs and the Wisconsin Classes are employees or independent contractors;

   b) Whether Centerfolds Cabaret violated Wisconsin law by failing to pay minimum wages to Plaintiffs and the Wisconsin Minimum Wage Class;

c) Whether Centerfolds Cabaret violated Wisconsin law by imposing a series of fines on Plaintiff Hernandez's, Plaintiff Cole's, and the Wisconsin Deductions Class' for alleged violations of company policy; and

d) Whether Centerfolds Cabaret obtained authorization, in writing, prior to fining its exotic dancers.

73. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a wealthy corporate Defendant, particularly those with relatively small claims.

74. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

**FIRST CLAIM FOR RELIEF**
**<u>Violation of the Fair Labor Standards Act of 1938 as Amended</u>**

75. Plaintiffs Hernandez and Cole, on behalf of themselves and the Collective Class, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

76. Since May 2016, Plaintiff Hernandez, Plaintiff Cole, and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

77.    Centerfolds Cabaret is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

78.    Since May 2016, Centerfolds Cabaret was an employer of Plaintiff Hernandez, Plaintiff Cole, and the Collective Class as provided under the FLSA.

79.    As a result of the above alleged practices, Centerfolds Cabaret violated the FLSA by failing to account for and compensate Plaintiff Hernandez, Plaintiff Cole, and the FLSA Minimum Wage Class at the applicable minimum wage rate since May 2016.

80.    As a result of the above alleged practices, Centerfolds Cabaret violated the FLSA by unlawfully taking, keeping, and assigning tips and gratuities Plaintiff Hernandez, Plaintiff Cole, and the FLSA Minimum Wage Class received from customers.

81.    Plaintiff Hernandez, Plaintiff Cole, and the FLSA Minimum Wage Class are entitled to damages equal to the mandated minimum wage since May 2016, plus periods of equitable tolling because Centerfolds Cabaret acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

82.    Centerfolds Cabaret has failed to post certain information regarding the FLSA in its establishment.

83.    Centerfolds Cabaret' failure to properly compensate Plaintiff Hernandez, Plaintiff Cole, and the FLSA Minimum Wage Class was willfully perpetrated and Plaintiff Hernandez, Plaintiff Cole, and the FLSA Minimum Wage

Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

84.    Alternatively, should the Court find that Centerfolds Cabaret did not act willfully in failing to pay minimum wage compensation; Plaintiff Hernandez, Plaintiff Cole, and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages.

**SECOND CLAIM FOR RELIEF**
**<u>Violation of Wisconsin Law – Unpaid Minimum Wages</u>**

85.    Plaintiff Hernandez and Plaintiff Cole, on behalf of themselves and members of the Wisconsin Classes, re-allege and incorporate all previous paragraphs as if they were set forth herein.

86.    Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

87.    Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

88.    Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

89.     Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

90.     Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

91.     Since May 2017, Centerfolds Cabaret was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

92.     Since May 2017, Centerfolds Cabaret was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

93.     Since May 2017, Centerfolds Cabaret was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

94.     Since May 2017, Centerfolds Cabaret was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

95.     Since May 2017, Centerfolds Cabaret was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

96.     Since May 2017, Centerfolds Cabaret has employed, and/or continues to employ Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

97.     Since May 2017, Centerfolds Cabaret has employed, and/or continues to employ Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

98.    Since May 2017, Centerfolds Cabaret has employed, and/or continues to employ Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 104.01 *et seq.*

99.    Since May 2017, Centerfolds Cabaret has employed, and/or continues to employ Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

100.    Since May 2017, Centerfolds Cabaret has employed, and/or continues to employ Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

101.    Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

102.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum wage compensation.

103.    As set forth above, Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes have not received legally required compensation as a proximate result of Centerfolds Cabaret's violations. Accordingly, Plaintiffs Hernandez and Cole, on behalf of themselves and the Wisconsin Classes, seek damages in the amount of their respective unpaid minimum wage compensation, injunctive relief requiring Centerfolds Cabaret to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under

Wis. Stat. § 109.11, Plaintiff Hernandez, Plaintiff Cole, and the Wisconsin Classes
may be entitled to liquidated damages equal and up to fifty percent (50%) of the
unpaid wages.

104.    Plaintiff Hernandez and Plaintiff Cole, on behalf of themselves and the
Wisconsin Class, seek recovery of attorneys' fees and the costs of this action to be
paid by Centerfolds Cabaret, pursuant to the Wisconsin law.

**THIRD CLAIM FOR RELIEF**
**Violation of Wisconsin Law – Illegal and Unauthorized Deductions**

105.    Plaintiff Hernandez and Plaintiff Cole, on behalf of themselves and the
Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were
set forth herein.

106.    Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and the Wisconsin
Deductions Class members were subject to Centerfolds Cabaret common policies,
programs, practices, procedures, protocols, routines, and rules of willfully fining
Plaintiff Hernandez, Plaintiff Cole, and the Wisconsin Deductions Class in violation
of Wis. Stat. § 103.455.

107.    As set forth above, Plaintiff Hernandez, Plaintiff Cole, and the
Wisconsin Deductions Class members have sustained losses as a result of
Centerfolds Cabaret's fines. Accordingly, Plaintiffs Hernandez and Cole, on behalf
of themselves and the Wisconsin Deductions Class, seek damages in the amount of
the fines taken within the relevant statutory period, injunctive relief requiring
Centerfolds Cabaret to cease and desist from its violations of the Wisconsin laws
described herein and to comply with them, and such other legal and equitable relief

as the Court deems just and proper. Under Wis. Stat. § 103.455, the Plaintiff Hernandez, Plaintiff Cole, and the Wisconsin Deductions Class are entitled to twice the amount of the illegal deductions.

108.    Plaintiffs Hernandez and Cole, on behalf of themselves and the Wisconsin Deductions Class, seek recovery of attorneys' fees and the costs of this action to be paid by Centerfolds Cabaret, pursuant to the Wisconsin law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs Hernandez and Cole, on behalf of themselves and on the behalf of all members of the Collective Class, Wisconsin Classes, and the Wisconsin Deductions Class request the following relief:

a) An order designating this action as a collective action on behalf of the Collective Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c) An order designating the Plaintiffs Hernandez and Cole as the Named Plaintiffs and as representative of the Collective Class, Wisconsin Classes and Deduction Class set forth herein;

d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Centerfolds Cabaret's actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

f) An order finding that Centerfolds Cabaret violated the FLSA and Wisconsin's wage and hour law;

g) An order finding that these violations were willful;

h)  Judgment against Centerfolds Cabaret in the amount equal to the Plaintiff Hernandez's, Plaintiff Cole's, the Collective Class', the Wisconsin Classes', and the Wisconsin Deduction Class' unpaid wages at the applicable minimum wage rates;

i)  Judgment against Centerfolds Cabaret in the amount equal to the tips and gratuities unlawfully taken and assigned from Plaintiff Hernandez, Plaintiff Cole, and the Collective Class;

j)  An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

k)  An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

l)  Such further relief as the Court deems just and equitable.

Dated this 3rd day of May, 2019.

Respectfully submitted,

**_s/ Larry A. Johnson_**
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI  53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
            tmaynard@hq-law.com
            smurshid@hq-law.com

Gregg C. Greenberg
Maryland Fed. Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: 301-587-9373

Fax:  240-839-9142
Email:  ggreenberg@zagfirm.com

Counsel for Plaintiffs and the Classes