## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

**MARTHA HERNANDEZ and
YOLANDA COLE, Individually
and on Behalf of All Others
Similarly Situated,**

        **Plaintiffs,**

      **v.**                           **CASE NO. 19-cv-356**

**CAMEO INVESTMENTS, LLC, CAMEO
INVESTMENTS II, LLC d/b/a
CENTERFOLDS CABARET, and
CAMEO FAMILY INVESTMENTS, LLC**

        **Defendants.**

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND

NOW COMES, Defendants, CAMEO INVESTMENTS, LLC ("Cameo I"), and CAMEO INVESTMENTS II, LLC d/b/a Centerfolds Cabaret ("Cameo II," collectively with Cameo I, the "Defendants"), by and through their undersigned counsel and hereby states the following in response to Plaintiffs' Complaint [Doc. 1]:

### PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Plaintiffs Martha Hernandez and Yolanda Cole, individually and on behalf of the members of the proposed classes identified below.

**RESPONSE:**

**Admitted that Plaintiffs have instituted this proceeding individually and on behalf of a putative class. Denied that Plaintiffs state a cause of action, that collective or class treatment is appropriate, or that Plaitniffs can make any recovery in this action.**

2.      Plaintiffs and the putative class members are, or were, employees of Defendants Cameo Investments, LLC, Cameo Investments II, LLC, and Cameo Family Investments, LLC each individually and collectively operating as Centerfolds Cabaret at 702 Tower Avenue Superior, Wisconsin 54880 (collectively referred to hereinafter as "Centerfolds Cabaret" or "Defendants") at times since May 2016.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

3.      Within the statutory period of three years from the filing of this complaint, Centerfolds Cabaret has had uniform policies and practices of failing to pay minimum wages compensation, and taking and assigning tips and gratuities from customers, and unlawfully fining and otherwise deducting wages from Plaintiff Hernandez, Plaintiff Cole, and the putative class members for all hours worked in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin law.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

4.      Within the statutory period of two years from the filing of this complaint, Centerfolds Cabaret has also fined Plaintiff Hernandez, Plaintiff Cole, and the putative class members in violation of Wis. Stat. § 103.455.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

5.     As a result, Centerfolds Cabaret has denied Plaintiff Hernandez, Plaintiff Cole, and the putative class members of minimum wage compensation and retention of tips and gratuities in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as minimum wages and wages in violation of Wisconsin law.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

6.     Further, Plaintiff Hernandez, Plaintiff Cole, and the putative class members have been subject to multiple illegal fines as a result of Centerfolds Cabaret policies.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

7.     Plaintiffs Hernandez and Cole bring this action, individually and on behalf of other similarly situated current and former Centerfolds Cabaret employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of

3

obtaining relief under the FLSA for unpaid minimum wages, recovery of unlawfully assigned or withheld tips, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

**RESPONSE:**

**Admitted that Plaintiffs have instituted this proceeding individually and on behalf of a putative collective. Denied that collective treatment is appropriate, that Plaintiffs state a cause of action, or that Plaintiffs can make any recovery in this action.**

8.      Plaintiffs Hernandez and Cole also bring this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, taking and assignment of tips and gratuities, illegal deductions, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**RESPONSE:**

**Admitted that Plaintiffs have instituted this proceeding individually and on behalf of a putative class. Denied that class treatment is appropriate or that Plaintiffs state a cause of action or can make any recovery in this action.**

JURISDICTION AND VENUE

9.      This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

**RESPONSE:**

**Admitted.**

10.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. Nevertheless, Defendants do not presently oppose the court exercising supplemental jurisdiction over Plaintiffs' state law claims.**

11.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events or omissions giving rise to the claims occurred within the district and Defendants have had substantial and systematic contacts in this district within the relevant statutory periods.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.  Defendants do not presently challenge venue before this Court.**

## PARTIES

12.     Defendant Cameo Investments, LLC d/b/a Centerfolds Cabaret Gentleman's Club is a Limited Liability Company formed under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. At all times relevant, Cameo Investments, LLC, along with Cameo Investments II, LLC, and Cameo Family Investments, LLC, collectively and as

a single or joint enterprise, operated and did business as Centerfolds Cabaret, a gentlemen's club featuring female nude and semi-nude exotic dancers in Superior, Wisconsin.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

13.     Defendant Cameo Investments II, LLC d/b/a Centerfolds Cabaret Gentleman's Club is a Limited Liability Company formed under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. At all times relevant, Cameo Investments II, LLC, along with Cameo Investments, LLC, and Cameo Family Investments, LLC, collectively and as a single or joint enterprise, operated and did business as Centerfolds Cabaret, a gentlemen's club featuring female nude and semi-nude exotic dancers in Superior, Wisconsin.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

14.     Defendant Cameo Family Investments, LLC d/b/a Centerfolds Cabaret Gentleman's Club is a Limited Liability Company formed under the laws of the State of Wisconsin with its principal place of business in New Berlin, Wisconsin. At all times relevant, Cameo Family Investments, LLC, along with Cameo Investments, LLC, and Cameo Investments II, LLC, collectively and as a single or joint enterprise, operated and did business as Centerfolds Cabaret, a gentlemen's club featuring female nude and semi-nude exotic dancers in Superior, Wisconsin.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

6

15.     Because Centerfolds Cabaret operates as a single or joint enterprise, agents, assigns, and management on behalf of Cameo Family Investments, LLC, Cameo Investments, LLC, and Cameo Investments II, LLC, oversaw the day-to-day operations of Centerfolds Cabaret and individually and collectively had full operational control of the gentlemen's club including control over all human resources and compensation aspects of Centerfolds Cabaret' operation, authority to hire, fire, and discipline Centerfolds Cabaret's employees, including its exotic dancers, misclassification of exotic dancers as independent contractors rather than as employees, and determining the rates and methods of compensation for Centerfolds Cabaret's employees, including its exotic dancers.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

16.     Joinder of Defendants is proper pursuant to FED. R. CIV. P. 20(a)(2) because Plaintiffs' rights to relief are asserted against all Defendants and are arising out of the same series of occurrences and common questions of law and fact.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

17.     Plaintiff Martha Hernandez ("Hernandez") is an adult who resides in Buffalo New York.

**RESPONSE:**

**Defendants neither admit nor deny the allegations contained within this paragraph for the reason that Defendants are without sufficient information to form a belief as to the truth of the allegations, and therefore leave Plaintiffs to their proofs.**

18.     By acting as a named plaintiff in this action, and by filing this Class and Collective Action Complaint, Plaintiff Hernandez hereby affirms and confirms her consent to participate as a plaintiff and class representative in an action seeking unpaid wages and damages under the FLSA and Wisconsin law.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, are without sufficient information to form a belief as to the truth of the allegations, and therefore leave Plaintiffs to their proofs.**

19.     Plaintiff Hernandez has worked for Centerfolds Cabaret as an exotic dancer during the period of about 2012 through about 2018.

**RESPONSE:**

**Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

20.     Plaintiff Yolanda Cole ("Cole") is an adult who resides Milwaukee, Wisconsin.

**RESPONSE:**

**Defendants neither admit nor deny the allegations contained within this paragraph for the reason that Defendants are without sufficient information to form a belief as to the truth of the allegations, and therefore leave Plaintiffs to their proofs.**

21.     By acting as a named plaintiff in this action, and by filing this Class and Collective Action Complaint, Plaintiff Cole hereby affirms and confirms her consent to participate as a plaintiff and class representative in an action seeking unpaid wages and damages under the FLSA and Wisconsin law.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, are without sufficient information to form a belief as to the truth of the allegations, and therefore leave Plaintiffs to their proofs.**

22.     Plaintiff Cole has worked for Centerfolds Cabaret as an exotic dancer during the period of about 2016 through about 2018.

**RESPONSE:**

**Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

23.     Plaintiffs Hernandez and Cole bring this action on behalf of themselves and all other similarly situated employees in the FLSA Minimum Wage Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Minimum Wage Class** is defined as follows:

All persons who worked as an exotic dancer for Centerfolds Cabaret and who were not paid minimum wages for each hour worked since May 2016.

**RESPONSE:**

9

**Admitted that Plaintiffs have instituted this proceeding individually and on behalf of a putative collective. Denied that collective treatment is appropriate or that Plaintiffs state a cause of action or can make any recovery in this action.**

24.    Plaintiffs Hernandez and Cole bring this action on behalf of themselves and all other similarly situated employees in the Wisconsin Minimum Wage Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Centerfolds Cabaret and who were not paid minimum wages for each hour worked since May 2017.

**RESPONSE:**

**Admitted that Plaintiffs have instituted this proceeding individually and on behalf of a putative class. Denied that class treatment is appropriate or that Plaintiffs state a cause of action or can make any recovery in this action.**

25.    Plaintiffs Hernandez and Cole bring this action on behalf of themselves and all other similarly situated employees in the Wisconsin Deductions Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Deductions Class** is defined as follows:

> All persons who worked as an exotic dancer for Centerfolds Cabaret in Wisconsin and who were subjected to fines at any time since May 2017.

**RESPONSE:**

**Admitted that Plaintiffs have instituted this proceeding individually and on behalf of a putative class. Denied that class treatment is appropriate or that Plaintiffs state a cause of action or can make any recovery in this action.**

26.    The FLSA Minimum Wage Class will be referred hereinafter as the "Collective Class."

**RESPONSE:**

**Admitted that Plaintiffs so use the phrase "Collective Class" in their Complaint. Denied that collective treatment is appropriate or that Plaintiffs state a cause of action or can make any recovery in this action.**

27.    The Wisconsin Minimum Wage Class and the Wisconsin Deductions Class, will be referred to collectively hereinafter as the "Wisconsin Classes."

**RESPONSE:**

**Admitted that Plaintiffs so use the phrase "Wisconsin Classes" in their Complaint. Denied that class treatment is appropriate or that Plaintiffs state a cause of action or can make any recovery in this action.**

28.    The FLSA Minimum Wage Class, the Wisconsin Minimum Wage Class, and Wisconsin Deductions Class will be referred to collectively hereinafter as the "Classes."

**RESPONSE:**

**Admitted that Plaintiffs so use the phrase "Classes" in their Complaint. Denied that class or collective treatment is appropriate or that Plaintiffs state a cause of action or can make any recovery in this action.**

## GENERAL ALLEGATIONS

29.    Plaintiffs Hernandez and Cole, and the Collective Class work, or have worked, as exotic dancers for Centerfolds Cabaret at times since May 2016.

**RESPONSE:**

11

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

30.     Plaintiffs Hernandez and Cole, and the Wisconsin Classes work, or have worked, as exotic dancers for Centerfolds Cabaret since May 2016.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

31.     Since at least May 2016, Centerfolds Cabaret has operated a gentleman's club and restaurant providing exotic dancers for its customers in Superior, Wisconsin.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

32.     Plaintiffs, the Collective Class, and the Wisconsin Classes dance to music which Centerfolds Cabaret streams over the internet. The internet is an instrumentality of commerce. A significant portion of the dances are performed to music which is streamed over the internet and therefore, Plaintiffs, the Collective Class, and the Wisconsin Classes use instrumentalities of commerce while performing all dances each workday.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

12

33.     Centerfolds Cabaret has a cashier who takes payments for all dances performed by Plaintiffs, the Collective Class, and the Wisconsin Classes. The cashier processes numerous credit card transactions each day Centerfolds Cabaret is open.

**RESPONSE:**

      **Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

34.     Centerfolds Cabaret serves beer and liquor which is brewed/distilled outside of Wisconsin, along with soda which is also manufactured outside of Wisconsin.

**RESPONSE:**

      **Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

35.     Centerfolds Cabaret serves food which is manufactured outside of Wisconsin.

**RESPONSE:**

      **Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

36.     In each year relevant, Centerfolds Cabaret had gross sales or revenue exceeding $500,000.00.

**RESPONSE:**

      **Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

37.     Centerfolds Cabaret labels Plaintiffs, the Collective Class, and the Wisconsin Classes as independent contractors.

13

**RESPONSE:**

Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.

38.      Despite using the label of "independent contractor," Centerfolds Cabaret retains the absolute right to control and direct the work of Plaintiffs, the Collective Class, and the Wisconsin Classes.

**RESPONSE:**

Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.

39.      Centerfolds Cabaret requires Plaintiffs, the Collective Class, and the Wisconsin Classes to show up and dance on stage at set times and will fine Plaintiffs, the Collective Class, and the Wisconsin Classes for failing to follow their strict codes of conduct.

**RESPONSE:**

Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.

40.      Centerfolds Cabaret requires Plaintiffs, the Collective Class, and the Wisconsin Classes to wear specific clothing, and prescribes strict rules regarding breaks and how to dance while on the floor.

**RESPONSE:**

Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.

14

41.    Centerfolds Cabaret sets the rate which Plaintiffs, the Collective Class, and the Wisconsin Classes were restricted to and permitted to charge for lap dances, manager specials, and VIP rooms.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

42.    Plaintiffs, the Collective Class, and the Wisconsin Classes provide the very service that Centerfolds Cabaret primarily offers – exotic dancing services for Centerfolds Cabaret's paying customers.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

43.    Plaintiffs, the Collective Class, and the Wisconsin Classes have not been paid any wages by Centerfolds Cabaret at any time within the statutory periods.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

44.    In each and every workweek that Plaintiffs, the Collective Class, and the Wisconsin Classes have worked for Centerfolds Cabaret within the statutory periods, Centerfolds Cabaret has not any wages for each hour worked.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

45.     Plaintiffs, the Collective Class, and the Wisconsin Classes are paid by Centerfolds Cabaret's customers on a per dance basis and tips.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

46.     Plaintiffs, the Collective Class, and the Wisconsin Classes are tipped employees under the FLSA and Wisconsin law.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

47.     For each shift Plaintiffs, the Collective Class, and the Wisconsin Classes worked, Centerfolds, by and through their managers, supervisors, and other non-customarily tipped employees, took, kept, and/or assigned tips Plaintiffs, the Collective Class, and the Wisconsin Classes received from customers.

**RESPONSE:**

16

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

48.     For each dance Plaintiffs, the Collective Class, and the Wisconsin Classes provide to customers, Plaintiffs, the Collective Class, and the Wisconsin Classes pay Centerfolds Cabaret a house fee, and/or percentage of the amount the customer pays for the services.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

49.     Centerfolds Cabaret cannot claim FLSA or Wisconsin "tip credit" compliance because Centerfolds Cabaret does not pay Plaintiffs, the Collective Class, and the Wisconsin Classes an hourly wage at or meeting the "tip credit" minimum wage or any wages at all.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

50.     Centerfolds Cabaret cannot claim the FLSA or Wisconsin "tip credit" because Centerfold Cabaret does not obtain a tip declaration from Plaintiffs, the Collective Class, and the Wisconsin Classes recording all tips earned by Plaintiffs, the Collective Class, and the Wisconsin Classes.

17

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

51.     Centerfolds Cabaret cannot claim the FLSA or Wisconsin "tip credit" because Centerfolds Cabaret did not provide Plaintiffs, the Collective Class, or the Wisconsin Classes with notice that Centerfolds would be paying pursuant to the "tip credit" or what the "tip credit" methodology would entail.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

52.     Centerfolds Cabaret cannot claim the FLSA or Wisconsin "tip credit" because Centerfolds Cabaret did not allow Plaintiffs, the Collective Class, or the Wisconsin Classes to keep and retain all tips received from customers.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an**

**answer is required, Defendants deny the allegations contained in this paragraph as pled for**

**the reasons that the same are untrue.**

53.     Since May 2017, Centerfolds Cabaret has imposed various "fines" on Plaintiffs, the
Collective Class, and the Wisconsin Classes for alleged violations of Centerfolds Cabaret's
company policies.

**<u>RESPONSE:</u>**

> **Defendants deny the allegations contained in this paragraph as pled for the reasons**
> **that the same are untrue.**

54.     The deductions for fines assessed by Centerfolds Cabaret have not been authorized
in writing by Plaintiffs and the Wisconsin Deductions Class.

**<u>RESPONSE:</u>**

> **Defendants deny the allegations contained in this paragraph as pled for the reasons**
> **that the same are untrue.**

55.     Centerfolds Cabaret did not provide Plaintiffs and the Wisconsin Deductions Class
the opportunity to contest the fines.

**<u>RESPONSE:</u>**

> **Defendants deny the allegations contained in this paragraph as pled for the reasons**
> **that the same are untrue.**

56.     Plaintiffs and the Wisconsin Deductions Class have been assessed fines by
Centerfolds Cabaret without a signed writing authorizing the fine.

**<u>RESPONSE:</u>**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

57.     Wis. Stat. § 103.455 does not require Plaintiffs to exhaust administrative remedies prior to bringing a claim under Wis. Stat. § 103.455.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

58.     As an example, Centerfolds Cabaret's company policy strictly requires that Plaintiffs, the Collective Class, and the Wisconsin Classes are ready and on the floor dancing by the start of their scheduled shifts. If they are not at Centerfolds Cabaret or ready to work at that set time, Plaintiffs, the Collective Class, and the Wisconsin Classes are fined. For each hour Plaintiffs, the Collective Class, and the Wisconsin Classes are late to their scheduled shifts, they are fined.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

59.     Likewise, Plaintiffs, the Collective Class, and the Wisconsin Classes are fined undisclosed and variant sums for alleged conduct displeasing to Centerfolds Cabaret's management or otherwise in violation of club policies, procedures, rules, and practices.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

60.     As a result of Centerfolds Cabaret' uniform practice to impose various punitive fines on Plaintiffs and Wisconsin Discussions Class Centerfolds Cabaret took illegal deductions from its dancers', including Plaintiffs and Wisconsin Deductions Class, at various times since May 2017.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

61.     Centerfolds Cabaret's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Hernandez, Plaintiff Cole, the Collective Class, and the Wisconsin Classes.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

21

62. Plaintiffs Hernandez, Cole, and the Collective Class that they bring this action on behalf of, are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Centerfolds Cabaret' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them a minimum wage for each hour worked. The claims of Plaintiffs Hernandez and Cole stated herein are the same as those of the Collective Class they seek to represent.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

63. Plaintiffs Hernandez, Cole, and the Collective Class seek relief on a collective basis and challenge Centerfolds Cabaret' policies and practices which lead to federal wage violations.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

64. As a result of the above alleged uniform pay practices, Centerfolds Cabaret has failed to pay Plaintiffs Hernandez, Cole, and the FLSA Minimum Wage Class the required minimum wages for all hours worked.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

65.     The Collective Class are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Centerfolds Cabaret. Notice can be provided to the Collective Class via first class mail to the last address known to Centerfolds Cabaret and through posting at Centerfolds Cabaret's facility in areas where postings are normally made.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

66.     Plaintiffs Hernandez and Cole bring their Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Classes for violations occurring on or after May 2017.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

23

67.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Centerfolds Cabaret.

**RESPONSE:**

**Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

68.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Centerfolds Cabaret, upon information and belief, there are at least 50 members in the Wisconsin Classes.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

69.     Plaintiff Hernandez's and Plaintiff Cole's minimum wage and illegal deductions claims are typical of those claims which could be alleged by any member of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class in separate actions. The alleged claims arise out of the same corporate practices of Centerfolds Cabaret and Centerfolds Cabaret benefited from the same type of unfair

and/or wrongful acts as to each Wisconsin Minimum Wage Class and Wisconsin Deductions Class member. Plaintiff Hernandez, Plaintiff Cole, and other members of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

70.    Plaintiffs Hernandez and Cole are able to fairly and adequately protect the interests of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class and have no interests antagonistic to the Wisconsin Class.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which an answer is required.  Defendants neither admit nor deny the allegations contained within this paragraph for the reasons that they are without sufficient information to form a belief as to the truth of the allegations, and therefore leave the Plaintiffs to their proofs.**

71.    There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members, such as:

    a)  Whether Centerfolds Cabaret exotic dancers are employees or independent contractors;

b) Whether Centerfolds Cabaret violated Wisconsin's wage and hour laws by failing to pay Plaintiffs Hernandez, Cole, and the Wisconsin Minimum Wage Class the applicable minimum wage rate for all hours worked; and

c) Whether Centerfolds Cabaret' actions as described in this Complaint were willful violations of Wisconsin law.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

72. There are questions of fact and law common to the Wisconsin Deductions Class that predominate over any questions affecting only individual members, such as:

a) Whether Plaintiffs and the Wisconsin Classes are employees or independent contractors;

b) Whether Centerfolds Cabaret violated Wisconsin law by failing to pay minimum wages to Plaintiffs and the Wisconsin Minimum Wage Class;

c) Whether Centerfolds Cabaret violated Wisconsin law by imposing a series of fines on Plaintiff Hernandez's, Plaintiff Cole's, and the Wisconsin Deductions Class' for alleged violations of company policy; and

d) Whether Centerfolds Cabaret obtained authorization, in writing, prior to fining its exotic dancers.

**RESPONSE:**

26

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

73.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a wealthy corporate Defendant, particularly those with relatively small claims.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

74.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a**

**response is required, Defendants deny the allegations contained within this paragraph as**

**pled for the reason that the same are untrue.**

### FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended

75.     Plaintiffs Hernandez and Cole, on behalf of themselves and the Collective Class,

reassert and incorporate by reference all paragraphs set forth above as if restated herein.

**RESPONSE:**

**Defendants reincorporate by reference their responses in all of the preceding**

**paragraphs.**

76.     Since May 2016, Plaintiff Hernandez, Plaintiff Cole, and the Collective Class have

been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et.*

*seq.*

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is**

**therefore required. To the extent the paragraph contains factual allegations to which a**

**response is required, Defendants deny the allegations contained within this paragraph as**

**pled for the reason that the same are untrue.**

77.     Centerfolds Cabaret is an enterprise engaged in commerce within the meaning of

29 U.S.C. § 203(s)(1).

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is**

**therefore required. To the extent the paragraph contains factual allegations to which a**

response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.

78.     Since May 2016, Centerfolds Cabaret was an employer of Plaintiff Hernandez, Plaintiff Cole, and the Collective Class as provided under the FLSA.

**RESPONSE:**

This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.

79.     As a result of the above alleged practices, Centerfolds Cabaret violated the FLSA by failing to account for and compensate Plaintiff Hernandez, Plaintiff Cole, and the FLSA Minimum Wage Class at the applicable minimum wage rate since May 2016.

**RESPONSE:**

This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.

80.     As a result of the above alleged practices, Centerfolds Cabaret violated the FLSA by unlawfully taking, keeping, and assigning tips and gratuities Plaintiff Hernandez, Plaintiff Cole, and the FLSA Minimum Wage Class received from customers.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

81.     Plaintiff Hernandez, Plaintiff Cole, and the FLSA Minimum Wage Class are entitled to damages equal to the mandated minimum wage since May 2016, plus periods of equitable tolling because Centerfolds Cabaret acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

82.     Centerfolds Cabaret has failed to post certain information regarding the FLSA in its establishment.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

83.     Centerfolds Cabaret' failure to properly compensate Plaintiff Hernandez, Plaintiff Cole, and the FLSA Minimum Wage Class was willfully perpetrated and Plaintiff Hernandez,

Plaintiff Cole, and the FLSA Minimum Wage Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

84.     Alternatively, should the Court find that Centerfolds Cabaret did not act willfully in failing to pay minimum wage compensation; Plaintiff Hernandez, Plaintiff Cole, and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

**SECOND CLAIM FOR RELIEF**
**Violation of Wisconsin Law – Unpaid Minimum Wages**

85.     Plaintiff Hernandez and Plaintiff Cole, on behalf of themselves and members of the Wisconsin Classes, re-allege and incorporate all previous paragraphs as if they were set forth herein.

**RESPONSE:**

**Defendants reincorporate by reference their responses in all of the preceding paragraphs.**

86.     Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

87.     Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

88.     Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

**RESPONSE:**

This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.

89.    Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

**RESPONSE:**

This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.

90.    Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

**RESPONSE:**

This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.

91.     Since May 2017, Centerfolds Cabaret was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

92.     Since May 2017, Centerfolds Cabaret was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

93.     Since May 2017, Centerfolds Cabaret was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

94.     Since May 2017, Centerfolds Cabaret was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

95.     Since May 2017, Centerfolds Cabaret was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

96.     Since May 2017, Centerfolds Cabaret has employed, and/or continues to employ Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

35

97.     Since May 2017, Centerfolds Cabaret has employed, and/or continues to employ Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

98.     Since May 2017, Centerfolds Cabaret has employed, and/or continues to employ Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 104.01 *et seq.*

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

99.     Since May 2017, Centerfolds Cabaret has employed, and/or continues to employ Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a**

36

**response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

100.    Since May 2017, Centerfolds Cabaret has employed, and/or continues to employ Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

101.    Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

102.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum wage compensation.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a**

**response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

103.    As set forth above, Plaintiff Hernandez, Plaintiff Cole, and the members of the Wisconsin Classes have not received legally required compensation as a proximate result of Centerfolds Cabaret's violations. Accordingly, Plaintiffs Hernandez and Cole, on behalf of themselves and the Wisconsin Classes, seek damages in the amount of their respective unpaid minimum wage compensation, injunctive relief requiring Centerfolds Cabaret to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff Hernandez, Plaintiff Cole, and the Wisconsin Classes may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

104.    Plaintiff Hernandez and Plaintiff Cole, on behalf of themselves and the Wisconsin Class, seek recovery of attorneys' fees and the costs of this action to be paid by Centerfolds Cabaret, pursuant to the Wisconsin law.

**RESPONSE:**

**Defendants neither admit nor deny the allegations contained within this paragraph for the reason that Defendants are without sufficient information to form a belief as to the truth of the allegations, and therefore leave Plaintiffs to their proofs.**

### THIRD CLAIM FOR RELIEF
### Violation of Wisconsin Law – Illegal and Unauthorized Deductions

105.   Plaintiff Hernandez and Plaintiff Cole, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

**RESPONSE:**

**Defendants reincorporate by reference their responses in all of the preceding paragraphs.**

106.   Since May 2017, Plaintiff Hernandez, Plaintiff Cole, and the Wisconsin Deductions Class members were subject to Centerfolds Cabaret common policies, programs, practices, procedures, protocols, routines, and rules of willfully fining Plaintiff Hernandez, Plaintiff Cole, and the Wisconsin Deductions Class in violation of Wis. Stat. § 103.455.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent that the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained within this paragraph as pled for the reason that the same are untrue.**

107.   As set forth above, Plaintiff Hernandez, Plaintiff Cole, and the Wisconsin Deductions Class members have sustained losses as a result of Centerfolds Cabaret's fines. Accordingly, Plaintiffs Hernandez and Cole, on behalf of themselves and the Wisconsin Deductions Class, seek damages in the amount of the fines taken within the relevant statutory

period, injunctive relief requiring Centerfolds Cabaret to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 103.455, the Plaintiff Hernandez, Plaintiff Cole, and the Wisconsin Deductions Class are entitled to twice the amount of the illegal deductions.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph as pled for the reasons that the same are untrue.**

108.   Plaintiffs Hernandez and Cole, on behalf of themselves and the Wisconsin Deductions Class, seek recovery of attorneys' fees and the costs of this action to be paid by Centerfolds Cabaret, pursuant to the Wisconsin law.

**RESPONSE:**

**This allegation contains statements of law and legal conclusions, and no response is therefore required. To the extent the paragraph contains factual allegations to which a response is required, Defendants neither admit nor deny the allegations contained within this paragraph for the reason that Defendants are without sufficient information to form a belief as to the truth of the allegations, and therefore leave Plaintiffs to their proofs.**

**WHEREFORE, Defendants pray**

1. That Plaintiffs' claims be dismissed;

2. That class certification be denied;

40

3.  That Plaintiffs be denied certification as the representatives;

4.  That Plaintiffs take nothing by way of their complaint;

5.  That Defendants be awarded its costs of suit, including reasonable attorney's fees

    and expenses to the extent authorized by law and contract;

6.  For such other and further relief as the Court deems appropriate

## **AFFIRMATIVE DEFENSES**

NOW COME, Defendants, CAMEO INVESTMENTS, LLC ("Cameo I"), CAMEO INVESTMENTS II, LLC d/b/a Centerfolds Cabaret ("Cameo II," collectively with Cameo I, the "Defendants"), by and through their undersigned counsel and assert the following affirmative defenses.[1]

1.      Plaintiffs' complaint, and each and every purported cause of action set forth therein, fails to state a claim against Defendants upon which relief can be granted.

2.      Plaintiffs' complaint, and each purported cause of action therein, is barred because neither Plaintiff nor any putative class members performed dance entertainment at Defendants' business establishment as employees. At no time were Plaintiffs or any putative class member an "employee" of either Defendants.

3.      As used in these Affirmative Defenses, the phrase "independent contractor" will be used broadly to include non-employees relationships including licensee or leasee status.

4.      Plaintiffs' complaint, and each purported cause of action therein, is barred because Plaintiffs (and any putative class members) performed dance entertainment at Cameo II's business premises as independent contractors, and are therefore precluded from invoking the provisions of the FLSA, the Wisconsin Employment, Compensation and Mining Law, and Wisconsin Department of Workforce Development Regulations.

5.      Plaintiffs' complaint and each purported cause of action therein, is barred to the extent that Plaintiffs lack standing.

---

[1] To the extent the Affirmative Defenses refer to Plaintiffs, they also refer to any putative class or collective action member in the event certification is granted by the Court.

6.      Plaintiffs' complaint and each and every purported cause of action therein, is barred due to Plaintiffs' and any putative class members' breaches of contract.

7.      Plaintiffs' claims are barred due to fraud in the inducement by Plaintiffs and any putative class member.

8.       Plaintiffs and any putative class member is barred from obtaining relief due to unjust enrichment.

9.      Plaintiffs' claims are barred due to intentional misrepresentation by Plaintiffs and any putative class member.

10.      Plaintiffs' claims are barred due to judicial and equitable estoppel.

11.      Plaintiffs and any putative class members are barred from obtaining relief due to detrimental reliance of Cameo II upon the representations, agreements, and actions of Plaintiffs.

12.      Plaintiffs' claims are barred due to unclean hands and violations of the implied covenants of good faith and fair dealing by Plaintiffs and/or any putative class member.

13.      Plaintiffs' claims are barred due to failure to mitigate damages or use reasonable care to prevent any damages by Plaintiffs and/or any putative class member.

14.      Plaintiffs' claims are barred to the extent Plaintiffs' or any putative class members' actions have waived the right to recovery.

15.      Plaintiffs' damages and claims are barred to the extent that Defendants are entitled to setoffs.

16.      Plaintiffs' claims are barred by the application of the antecedent question of employment.

17.    Plaintiffs' claims are barred because of the failure of Plaintiffs to comply with the reporting requirements of the Internal Revenue Code consistent with Plaintiffs or any putative class member, being "employees," as so claimed, of Defendants.

18.    Plaintiffs' claims are barred because the actions of Plaintiffs in regard to tax compliance requirements concerning the income they earned while performing at Cameo II's premises, is inconsistent with that of employees.

19.    Plaintiffs' claims are barred, in whole or in part, by Cameo II having structured its accounting and tax compliance requirements with regard to the various forms of income generated by Plaintiffs, predicated upon the representations, actions, and agreements of Plaintiffs, predicated upon the relationship between Defendants' club and Plaintiffs' being that of an independent contractor structure, and not one of an employer-employee agreement.

20.    Plaintiffs' claims are barred, in whole or in part, by Cameo II's partial and/or full performance of its duties and obligations under the terms of the implied contract executed between the parties.

21.    Plaintiffs' claims are barred due to accord and satisfaction.

22.    Plaintiffs' claims are barred due to release.

23.    Plaintiffs' claims are barred due to payment.

24.    Plaintiffs' claims are barred because any damages are nominal.

25.    Plaintiffs' claims are barred due to *res judicata*.

26.    Plaintiffs' claims are barred by collateral estoppel.

27.    Plaintiffs' claims are barred due to avoidable consequences.

28.    Plaintiffs' claims are barred due to the absence of an employment relationship between Defendants and Plaintiffs.

44

29.     Plaintiffs' claims are barred due to the artistic professions exemption.

30.     Plaintiffs' claims are barred because monies collected from the sale of dance performances were not "tips" or "gratuities."

31.     Plaintiffs' claims are barred to the extent that Plaintiffs and any putative class members consented to or requested the treatment as independent contractors and accepted the benefit of non-employee status without complaint during the time that she or they allegedly performed services at Cameo II's establishment.

32.     Plaintiffs' claims are barred to the extent Defendants acted in good faith at all times referenced in the complaint.

33.     Plaintiffs' claims are barred by the doctrines of waiver and estoppel including waiver and/or estoppel based upon course of conduct.

34.     Plaintiffs' claims are barred because they, and any and all members of the putative class, earned more than minimum wage.

35.     Plaintiffs' claims are barred due to abandonment.

36.     The FLSA does not apply to independent contractors who work for their own advantage on the premises of another, were not denied the minimum standard of living, and did not perform under an arrangement which threatened fair competition.

37.     Plaintiffs' claims are barred due to the failure of Plaintiffs, and any members of the putative class, to conform to the obligations of employees.

38.     Plaintiffs' claims are barred due to the absence of negligence or willful misconduct on the part of Defendants.

39.     Plaintiffs' claims under both Rule 23 class action and FLSA collective action should be barred due to confusion, irreconcilable conflict, lack of manageability, and prejudice to putative class members and Defendants.

40.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint due to the lack of an ascertainable, identifiable class.

41.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint due to the absence of a commonality of interest.

42.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because a class action is not the superior method of adjudicating the dispute.

43.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because of the inadequacy of Plaintiffs as representatives of the putative class.

44.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because the Plaintiffs are not typical of the putative class.

45.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because of insurmountable management problems.

46.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because of the absence of common questions of law or fact and/or the absence of similarly situated putative class members.

47.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because there are substantial numbers of class members antagonistic to the class.

48.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because class treatment does not benefit the Court or the parties.

49.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because common questions of fact do not predominate.

50.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because any damages are unique, individualized, and nominal.

51.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because the proofs are individualized.

52.     Plaintiffs' are barred from obtaining certification of a class or collective action under their complaint because of the resulting confusion, irreconcilable conflict, lack of manageability, and prejudice to the putative class members and Defendants.

53.     Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

In the event that Plaintiffs seek certification of a class or collective action, Defendants reserve the right to supplement these affirmative defenses. Defendants further reserve the right to supplement these affirmative defenses as they become known during the course of discovery.

## COMPULSORY COUNTERCLAIMS

NOW COMES Counter-Plaintiff CAMEO INVESTMENTS II, LLC d/b/a Centerfolds Cabaret ("CENTERFOLDS") and hereby assert the following counterclaims against Counter-Defendants Martha Hernandez (hereinafter "HERNANDEZ") and Yolanda Cole (hereinafter "COLE") and against any individual who joins this suit, who joins any 29 U.S.C. § 216(b) collective — conditionally or finally — certified in this suit, or who becomes part of any Rule 23 "Class" certified in this suit (all collectively with COLE and HERNANDEZ, the "Counter-Defendants").

## PARTIES

1.     CENTERFOLDS is a Minnesota Limited Liability Company, that operates a nightclub 702 Tower Avenue, Superior, Wisconsin, 54880 (the "Club"), which is specially licensed and occupies zoned properties such that adult-oriented entertainment may lawfully be conducted thereat.

2.     Upon information and belief, Counter-Defendant HERNANDEZ is an adult resident of the State of New York.

3.     Upon information and belief, Counter-Defendant COLE is an adult resident of the State of Wisconsin.

4.     This Court has jurisdiction to adjudicate the relief sought by CENTERFOLDS pursuant to FED. R. CIV. P. 13(a).

5.     Counter-Defendants assert to be exotic dance entertainers who performed on CENTERFOLDS' Premises during the relevant periods of limitation applicable to their claims against CENTERFOLDS under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et. seq*.; the Wisconsin Wage Payments, Claims and Collections Law, Wis. Stat. §§ 109.01, *et. seq*.

("WWL"); Wisconsin Employment Law, Wis. Stat. §§ 103.001, *et. seq.* ("WEL"); and various portions of the Wisconsin Administrative Code promulgated by the Department of Workforce Development ("DWD").

6.     Counter-Defendants have brought the underlying action against CENTERFOLDS wherein they (the Counter-Defendants) seek certain employee-related benefits under the FLSA the WWL and the WEL.  In that underlying action, Counter-Defendants allege that CENTERFOLDS was their "employer" during the relevant periods of time that they performed on the Premises, that CENTERFOLDS breached its obligations to the Counter-Defendants under those laws, and that as a result thereby CENTERFOLDS is liable to the Counter-Defendants under the provisions of the FLSA, the WWL, the WEL, and the DWD code.

7.     CENTERFOLDS denies that is was or is the "employer" of the Counter-Defendants, or of any of purported class members, or that it is otherwise a responsible party to the Counter-Defendants under the FLSA, the WWL, the WEL, and the DWD code. Nevertheless, CENTERFOLDS asserts the counterclaims below solely in light of the allegations of the Counter-Defendants and in order to ensure that such counterclaims by it are timely and properly raised in the unlikely event that it is deemed to be an "employer" or responsible party for purposes of any claims asserted by the Counter-Defendants in their underlying complaint

8.     Counter-Defendants HERNANDEZ and COLE are professional entertainers who allege they performed as exotic dancers at CENTERFOLDS on various occasions from 2012 – 2018 and 2016 – 2018 respectively.

9.     Based on the information supplied in Counter-Defendants' Complaint [Doc. 1], including their names and the dates they allegedly performed at CENTERFOLDS, as of the date this document is filed, CENTERFOLDS has been unable to verify that Counter-Defendants ever

performed as exotic dancers or otherwise upon CENTERFOLDS' premises. The Counterclaims are asserted hypothetically and in the alternative, as permitted by Fed. R. Civ. P. 8(d), in the event that Counter-Defendants are able to demonstrate that they performed upon CENTERFOLDS' premises. These hypothetical and alternative pleading shall in no way be construed as an admission that either Counter-Defendants performed upon CENTERFOLDS' premises at any time relevant to their claims.

10.    Immediately prior to performing at CENTERFOLDS (hereinafter "HERNANDEZ Start Date"), HERNANDEZ approached CENTERFOLDS seeking an opportunity to perform as a professional entertainer in the Club.

11.    Upon information and belief, on such date, HERNANDEZ represented to CENTERFOLDS that she had previously performed at other nightclubs as a professional entertainer.

12.    Immediately prior to performing at CENTERFOLDS (hereinafter "COLE Start Date"), COLE approached CENTERFOLDS seeking an opportunity to perform as a professional entertainer in the Club.

13.    Upon information and belief, on such date, COLE represented to CENTERFOLDS that she had previously performed at other nightclubs as a professional entertainer.

14.    It is CENTERFOLDS' standard business practice to discuss, at on or before the date of the entertainer's first performance, the terms of CENTERFOLDS and any professional entertainers' business relationship.

15.    Prior to performing on CENTERFOLDS' premises, Counter-Defendants entered into certain written and oral agreements with CENTERFOLDS (collectively, the parties' "agreement" or "Agreement(s)"), wherein all parties acknowledged that Counter-Defendants

50

would not be performing as employees, but would rather entertain their own customers as independent contractor professional entertainers ("independent contractor(s)" or "independent professional entertainer(s)").

16.     As used in these Counterclaims, "independent contractor(s) and "independent professional entertainers(s), refer broadly to a non-employee relationship including licensee(s) and lease(s).

17.     At all times relevant, Counter-Defendants, by their words and actions, represented to CENTERFOLDS that they had the legal capacity to contract and that they desired to enter into an agreement with CENTERFOLDS under the terms of performing as an independent contractor.

18.     The terms of the parties' agreement and their agreement in practice all had a lawful objective, including, but not limited to, establishing how the proceeds from individual (non-stage) dances were to be allocated between CENTERFOLDS and Counter-Defendants, to wit: as a non-employee CENTERFOLDS agreed that Counter-Defendants would retain a substantial percentage of the mandatory dance fees paid by customers for individual dances.

19.     "Mandatory dance fees" refers to the fixed amount a customer would pay to CENTERFOLDS to receive a personal dance from a Counter-Defendant.

20.     "Entertainment Fees" refers to the portion or amount of the mandatory dance fees that Counter Defendants would receive from CENTERFOLDS for performing personal dances for patrons.

21.     "Dance Tips" refers to those 'tips' or 'gratuities' patrons voluntarily presented to the dancer.

22.     "Stage Tips" refers to those 'tips' or 'gratuities' patrons voluntarily place in one of the bowls alongside the main stage at CENTERFOLDS' establishment for the professional entertainer's on stage performance.

23.     The parties' agreement constituted a valid and enforceable contract between the parties.

    a.  Through statements by CENTERFOLDS management and other representations including permission to perform at CENTERFOLDS contingent upon acceptance of the offer, CENTERFOLDS offered Counter-Defendants an independent contractor business relationship between the parties.

    b.  Prior to performing on CENTERFOLDS' premises, each entertainer is given a copy of CENTERFOLDS' "Rules." These Rules provide additional terms and agreements and were signed by Counter-Defendants.

    c.  The relevant terms of the parties' agreement with respect to dance fees were (in the format of dancer portion (Entertainment Fees/CENTERFOLDS' portion of mandatory dance fees) $20/$0 for one song; $30/$5 for one song VIP performances; $50/$10 for two song VIP performances; and $115/$25 for half hour VIP performances. These fees were fixed and set by CENTERFOLDS.

    d.  Counter-Defendants each executed a form acknowledging receipt, understanding, and agreement to the Rules; thereby, manifesting their intentions to be bound by the terms listed in the Rules.

    e.  Through statements and actions, Counter-Defendants manifested their intentions to be bound by the terms listed above by conducting performances at

CENTERFOLDS' business establishment and accepting the compensation terms detailed above by written agreement, by oral acceptance, and by acceptance in practice.

f.   CENTERFOLDS manifested its intention to be bound by the terms of the contract by, among other things, making the agreement offer to Counter-Defendants, at all times abiding by the parties' agreement, compensating Counter-Defendants under its terms, and permitting Counter-Defendants to use CENTERFOLDS' premises.

g.   Counter-Defendants exchanged a promise of a non-employee relationship with CENTERFOLDS, choosing rather to operate as independent contractors, for CENTERFOLDS' promise of permitting Counter-Defendants to perform at CENTERFOLDS' business establishment.

h.   Counter-Defendants exchanged a promise of receiving Entertainment Fees from CENTERFOLDS in exchange for a promise to perform as non-employees.

i.   Counter-Defendants exchanged the benefits of operating as an independent contractor, including, but not limited to, scheduling flexibility and choosing when, how, and for whom to perform, in exchange for permission to perform their dance performances at CENTERFOLDS' business establishment.

j.   At all times relevant, both parties mutually performed under the terms of the contract until the filing of this underlying lawsuit.

24.   During each of Counter-Defendants' performance dates there was a mandatory, fixed, and posted charge in the form of mandatory dance fees assessed to patrons, and paid by them, for the purchase of personal dance performances engaged in by Counter-Defendants.

53

25.     Patrons made the mandatory dance fee payments to a cashier (or 'door man') and, if so desired, presented the dancer a Dance Tip that was separate from the mandatory dance fee.

26.     Pursuant to the parties' written and oral agreements, and their conduct in practice, Counter-Defendants agreed that patrons would pay the cashier the mandatory dance fees at the posted amount and receive a ticket redeemable for the Entertainment Fees. The patron would then present that ticket to the dance performer of his/her choice, who would maintain a portion of the ticket for redemption of Entertainment Fee at the end of her performance date.

27.     At the end of each performers' performance date, each performer and CENTERFOLDS' management completed a dance sales accounting.

28.     During each of Counter-Defendants' performance dates, Counter-Defendants performed individual dances for patrons.

29.     Patrons were permitted, but not required, to give a dancer a Dance Tip over and above the mandatory dance fee, at the patron's sole discretion.

30.     During each of Counter-Defendants' performance dates, Counter-Defendants' received from CENTERFOLDS their Entertainment Fees in an amount in excess of minimum wage, exclusive of Dance Tips or Stage Tips received and net any 'rent' paid to CENTERFOLDS.

31.     During each of Counter-Defendants' performance dates, they adopted a pattern and practice of non-employee conduct. By way of example, Counter-Defendants:

    a.  Collected, at the end of the night, and retained their Entertainment Fees from dance sales;

    b.  Collected Dance Tips and Stage Tips, which they did not report to CENTERFOLDS;

    c.  Selected if, when, where, and for whom they would perform;

    d. Selected dates, times, and duration of work without control by CENTERFOLDS;

    e. Did not "clock in" or "out" or perform employee-services for CENTERFOLDS such as waitressing or bartending duties or act in any capacity outside that of a professional entertainer; and

    f. Provided all necessary outfits and/or clothing for their performances

all of which constitutes conduct unlike that required of CENTERFOLDS' employees.

32. At all relevant times and throughout the course of their business relationship, Counter-Defendants represented to CENTERFOLDS that they intended to perform as an independent contractor and that they agreed to the financial arrangement whereby they would retain Entertainment Fees and pay rent to CENTERFOLDS rather than engaging in an employer-employee relationship for the payment of wages or for any benefits to which an employee is entitled under the FLSA.

33. At all relevant times, Counter-Defendants, by and through the parties' agreement and their actions, representations, and pattern and practice, declined to engage in an employer/employee relationship with CENTERFOLDS whereby the Counter-Defendants would have received, subject to the withholding requirements under the Internal Revenue Code ("IRC"), the payment of wages or salary to which an employee would be entitled under the FLSA and/or WWL.

34. By the parties' Agreements and Counter-Defendants' actions, Counter-Defendants acknowledged they were not, and did not intend to be, an "employee" of CENTERFOLDS and did not wish to be compensated as an employee with a set hourly wage, but to maintain an independent contractor relationship.

35.     By the parties' Agreements and Counter-Defendants' actions, Counter-Defendants acknowledged and agreed that their right to retain a portion of the proceeds from dance sales was based upon their agreement to maintain a relationship with CENTERFOLDS as an independent contractor rather than acting as an employee who receive a set hourly wage.

36.     At all times relevant, CENTERFOLDS abided by the terms of the parties' agreements and has fully performed its obligations thereunder, including:

> a.  Permitting Counter-Defendants to retain substantial portions of the dance sales, which, under an employment arrangement, would have been the exclusive property of CENTERFOLDS; and
>
> b.  Conceding to Counter-Defendants important controls CENTERFOLDS would have reserved for itself including selecting their own schedule, selecting patrons for whom they would or would not perform, avoiding participation in CENTERFOLDS promotions and advertisements, wearing costumes of their choice, exercising their option to work at other unrelated dance venues, and avoiding duties CENTERFOLDS requires of its true employees.

37.     At no time during the time they allegedly performed at CENTERFOLDS' business establishment nor at any time prior to the filing and service of her complaint in the above-entitled action, did Counter-Defendants in any way advise CENTERFOLDS or in any way claim entitlement to any of the rights, privileges, or benefits set forth in the Fair Labor Standards Act or Wisconsin Labor Law; ask for or seek minimum wage or other employment benefits; claim to be or ask to be converted into an employee of CENTERFOLDS; claim that they were being treated as an employee of CENTERFOLDS; assert that they did not intend or desire to comply with the parties' agreements; assert that they believed the parties' agreements were invalid; or assert that

56

they felt that the parties' agreements did not constitute a true description of their business relationship to CENTERFOLDS.

38.     After financially benefiting from their actions and representations to CENTERFOLDS that they desired and intended to perform as an independent contractor rather than as an hourly wage earner, Counter-Defendants now seek the payment of minimum wages for all times that they performed as an entertainer at CENTERFOLDS' business and, further, to retain all the dance fees they already collected under the same term of the parties' Agreements.

## COUNT I
### LEGAL REQUIREMENT TO REMIT ENTERTAINMENT FEES/CONVERSION/RESTITUTION

39.     CENTERFOLDS incorporates herein by reference each and every paragraph as though fully set forth herein.

40.     Under the provisions of the IRC, mandatory charges to a customer/patron collected by an employee are the property, gross receipts, and income of the employer, and not of the employee.  As a result, in the event that the Counter-Defendants are found to be employees of CENTERFOLDS in this action, the Entertainment Fees are, *ab initio*, the property of CENTERFOLDS and are not then the lawful property of the Counter-Defendants, and must be returned to CENTERFOLDS so that CENTERFOLDS may appropriately account for such income and pay the relevant taxes thereon.

41.     In the event that there is a determination that Counter-Defendants were employees during the times that they performed at CENTERFOLDS, the IRC requires that CENTERFOLDS withhold from any remuneration it ultimately conveys (directly, indirectly, or by law) to Counter-Defendants, and remit to the Internal Revenue Service ("IRS"), all taxes and other withholdings due on said income, and further requires that it withhold therefrom, and remit to the IRS, all

withholdings due in regard to the Dance Tips and Stage Tips earned by the Counter-Defendants during the times that they performed at CENTERFOLDS.

42.     Given that the Counter-Defendants now claim that they were employees during all times that they performed at CENTERFOLDS, Counter-Defendants should be required to remit to CENTERFOLDS all Entertainment Fees that they obtained while performing at CENTERFOLDS so that it is able to properly account to the IRS for that income as being its property and gross receipts, and so that CENTERFOLDS is able to undertake all of its withholding and tax payment obligations under the IRC.

43.     As a result of the requirements of the IRC as set forth above, if the Counter-Defendants are determined to have been the employees of CENTERFOLDS, Counter-Defendants should be required to remit to CENTERFOLDS all Entertainment Fees that they received while performing on the premises of CENTERFOLDS and which they have not remitted back to CENTERFOLDS.

44.     Because the Counter-Defendants have asserted that they were, at all relevant times, the employees of CENTERFOLDS, but have not returned to CENTERFOLDS the Entertainment Fees that they obtained while performing at CENTERFOLDS, the Counter-Defendants' retention of such Entertainment Fees constitutes unlawful conversion of the property of CENTERFOLDS.

45.     CENTERFOLDS consented to Counter-Defendants' retention of Entertainment Fees based upon and contingent upon their agreement to a non-employee relationship with CENTERFOLDS. In the event that there is a determination that Counter-Defendants were employees during the times that they performed at CENTERFOLDS, CENTERFOLDS did not and does not consent to Counter-Defendants' retention of these fees.

46.     These Entertainment Fees yet remain in Counter-Defendants' possession such that CENTERFOLDS has no control over them.

47.     As a direct and proximate result of the conversion by the Counter-Defendants of the Entertainment Fees that they received while performing on the premises of CENTERFOLDS, CENTERFOLDS has been significantly and substantially damaged.

## COUNT II
## BREACH OF CONTRACT

48.     CENTERFOLDS incorporates herein by reference each and every paragraph as though fully set forth herein.

49.     CENTERFOLDS entered the Agreements with Counter-Defendants based on Counter-Defendants' express agreement that they wished to maintain an independent contractor relationship and that their performances would not be and were not as CENTERFOLDS' hourly employee, which was based upon Counter Defendants' words and conduct.

50.     Based on the parties' Agreements, Counter-Defendants and CENTERFOLDS allocated dance sales according to the terms agreed upon by the parties.

51.     Based on the parties' Agreements, Counter-Defendants obtained Entertainment Fees according to the terms agreed to by the parties.

52.     Counter-Defendants seek to nullify and/or repudiate their agreement with CENTERFOLDS to work as an independent contractor and now claim that they are entitled to all proceeds of dance sales in addition to employee hourly wages, in breach of their agreements with CENTERFOLDS.

53.     Counter-Defendants refuse to perform in conformity with the parties' agreements in various ways, including demanding not only the compensation agreed upon in their capacity as independent contractors, but by demanding additional compensation as employees.

54.     Counter-Defendants refuse to return the Entertainment Fees or allow an offset in the event they are deemed entitled to wages, claiming that the dance fees she retained were "tips."

55.     In the event there is a determination that Counter-Defendants were employees entitled to minimum wage, they would not be entitled to keep CENTERFOLDS' revenue (i.e. Entertainment Fees) as their own revenue, but rather, pursuant to the parties' agreements, and applicable law, would be required to remit the total of said fees to CENTERFOLDS.

56.      As a direct and proximate result of the breaches by Counter-Defendants, CENTERFOLDS has suffered monetary damages.

57.     CENTERFOLDS is entitled to an award of damages against Counter-Defendants, in an amount equal to the proceeds from dance sales (exclusive of tips) retained by Counter-Defendants during the time they performed at CENTERFOLDS' business under an agreement that they intended to maintain an independent contractor status.

<u>**COUNT III**</u>
<u>**FRAUD IN THE INDUCEMENT OF CONTRACT**</u>

58.     CENTERFOLDS incorporates herein by reference each and every paragraph as though fully set forth herein.

59.     Prior to entering into the Agreements, the Counter-Defendants represented to CENTERFOLDS' management staff that they, the Counter-Defendants, desired to perform as independent professional entertainers, and further desired to have the benefits and freedoms associated with such a business relationship. In addition, by entering into the Agreement with

60

CENTERFOLDS and by performing at CENTERFOLDS at all times pursuant to said Agreements, Counter-Defendants further represented, both by their words and actions, that they intended to perform, and did perform, as independent professional entertainers, which representations were central and material components of the parties' business relationship and of CENTERFOLDS' agreement to permit the Counter-Defendants to perform within its establishment under the terms of the Agreements, which, among other things, allowed the Counter-Defendants to obtain the Entertainment Fees paid by customers/patrons, precluded CENTERFOLDS from properly implementing and claiming a tip credit pursuant to Section 203(m) of the FLSA and applicable Wisconsin law or implementing, if it had paid Counter-Defendants at the full minimum wage rate, lawful tip confiscation of all or a portion of the Counter-Plaintiffs' tip income in order to be able to pay wages to the Counter-Defendants, and further precluded CENTERFOLDS from requiring the Counter-Defendants to "tip-out" a portion of their tip income to other regularly tipped employees.

60.     Counter-Defendants' representations were false when made and were either known by them to be false when made or were made recklessly without regard for the truth, in that Counter-Defendants had no intention of ultimately honoring the terms set forth in the parties' agreements and intended, rather, to deceive CENTERFOLDS, all of which permitted Counter-Defendants to benefit from those misrepresentations and actions and to lie in wait before revealing their true intent to seek the benefits of employee status—directly contrary to their previous representations and actions—only after such time as the Counter-Defendants had reaped all of the benefits of having performed as independent professional entertainers and after CENTERFOLDS had fully performed under the parties' agreements and would then be unable to protect itself from

the consequent harm and damages that would result by the Counter-Defendants later changing their position.

61.     Counter-Defendants' misrepresentations, actions, and omissions were intended to induce, and did induce, CENTERFOLDS to enter the agreements, and to allow Counter-Defendants to perform under the agreements and to thereby obtain all the benefits of the agreed-upon independent contractor relationship, including, but not limited to, the ability to obtain substantial Entertainment Fees.

62.     Until the filing of Counter-Defendants' complaint in this action, CENTERFOLDS was unaware of, and had no reason to know, the falsity of Counter-Defendants' representations, their material omissions, and the true facts, including the Counter-Defendants' secret ultimate intention to later eschew the terms of the parties' agreements and to seek employment benefits in direct contravention to their representations to and agreements made with CENTERFOLDS.

63.     CENTERFOLDS certainly had no such knowledge of the same when it agreed with the Counter-Defendants that they could perform at CENTERFOLDS as independent professional entertainers imbued with the benefits and freedoms afforded to them pursuant to the terms of the parties' agreements and in permitting the Counter-Defendants to perform as independent professional entertainers and to obtain and retain Entertainment Fees that would otherwise legally have belonged to, and have been the property and income of, CENTERFOLDS.

64.     To its detriment, CENTERFOLDS reasonably relied upon Counter-Defendants' material and false representations and material omissions in entering the agreements and permitting Counter-Defendants to perform as independent contractors and to obtain and retain

Entertainment Fees that would otherwise legally have belonged to, and have been the property and income of, CENTERFOLDS. CENTERFOLDS has thereby suffered damages.

65. Counter-Defendants made the false representations and omissions for the specific purpose of inducing CENTERFOLDS to enter into the agreements and to permit, and continue to permit, Counter-Defendants to perform at its business under the status, and financial and other arrangements as agreed to by them.

66. Had CENTERFOLDS known of Counter-Defendants' misrepresentations and omissions, CENTERFOLDS would not have acted as it did, including entering the agreements or performing under the Contract, including turning over to Counter-Defendants the Entertainment Fees and conceding to them control of their performance dates and other aspects of their "work" for the relevant period.

67. As a direct and proximate result of the fraud by Counter-Defendants, CENTERFOLDS has suffered substantial damages.

68. CENTERFOLDS is entitled to an award of general and special damages against Counter-Defendants, in an amount to be established by the proofs at trial.

## COUNT IV
## NEGLIGENT MISREPRESENTATIONS

69. CENTERFOLDS incorporates herein by reference each and every paragraph as though fully set forth herein.

70. Counter-Defendants represented their willingness to enter, and did so enter, into an agreement with CENTERFOLDS to perform as an entertainer under an independent contractor arrangement and obtained CENTERFOLDS' consent to the parties' agreements through misrepresentation that they wished to enter into and maintain an independent contractor relationship

and thereby obtained the financial and other benefits of working as an independent contractor as opposed to becoming an employee of CENTERFOLDS.

71.     At the time they entered the Agreement with CENTERFOLDS, and at all times during which they performed at CENTERFOLDS' business, Counter-Defendants represented and agreed, as described in detail above, to perform their obligations under the parties' agreements and represented, expressly and through omissions, that they intended and desired to perform (and did perform) under the parties' agreements as an independent contract entertainer, as further described above, which representations were central and material components of the parties' business relationship.

72.     Counter-Defendants' representations were untrue, or made recklessly without regard for the truth, in that Counter-Defendants had no intent to perform or honor those obligations, but rather intended to seek the benefits of employee status contrary to her representations and omissions.

73.     Counter-Defendants' misrepresentations and omissions deceived CENTERFOLDS and induced CENTERFOLDS into entering into the Agreements, which inured to Counter-Defendants' benefit by allowing Counter-Defendants to perform under the agreements and to thereby obtain the financial and other benefits of the agreed-upon terms of the independent contractor relationship and to avoid other duties and financial arrangements to which CENTERFOLDS would have been entitled under an employer-employee relationship.

74.     CENTERFOLDS, to its detriment, believed and relied upon Counter-Defendants untrue factual representations that they wished to enter into a business relationship with CENTERFOLDS as independent contractors.

75.     Counter-Defendants owed a duty to CENTERFOLDS to refrain from any act which would foreseeably cause harm to another.

76.     As a direct and proximate result of CENTERFOLDS' reasonable reliance upon Counter-Defendants misrepresentations and omissions, harm has befell CENTERFOLDS in the

form of monetary damages including Counter-Defendants' retention of the Entertainment Fees.

77.     Such harm was objectively foreseeable by Counter-Defendants.

78.     CENTERFOLDS is entitled to an award of general and special damages against Counter-Defendants, in an amount that will be established by the proofs.

**COUNT V**
**UNJUST ENRICHMENT AND QUANTUM MERUIT**

79.     CENTERFOLDS incorporates herein by reference each and every paragraph as though fully set forth herein.

80.     If Counter-Defendants are successful in their claim that they should have been classified as "employees," Counter-Defendants will be unjustly enriched by receiving both wages and other accouterments of employment while at the same time retaining the substantial amounts of Entertainment Fees they retained under the parties' agreements, in addition to non-monetary benefits associated with their status' as an independent contractors rather than as employees.

81.     Counter-Defendants obtained CENTERFOLDS' consent to the parties' agreements through misrepresentation and thereby obtained the financial and other benefits of working as an independent contractor as opposed to becoming an employee of CENTERFOLDS.

82.     If Counter-Defendants prevail in their claims, they will obtain the full benefit of using CENTERFOLDS' facilities, personnel, advertising, good-will, and all other assets of CENTERFOLDS to generate revenue and will simultaneously retain all such revenue, including Entertainment Fees and Dance Tips, generated from their performances along with wage and other employee benefits – while CENTERFOLDS will retain no benefit from Counter-Defendants' use of CENTERFOLDS' assets and labor – and will thus be unjustly enriched by her actions.

83.     As a direct and proximate result of Counter-Defendants' conduct, CENTERFOLDS has suffered monetary damages including Counter-Defendants' retention of the Entertainment Fees.

84.     CENTERFOLDS is entitled to an award of all dance fees retained by Counter-Defendants as a result of their performing at CENTERFOLDS' business as against any award of wages or other accouterments of employment to which Counter-Defendants are ever found to be entitled

## COUNT VI
## PROMISSORY ESTOPPEL

85.     CENTERFOLDS incorporates herein by reference each and every paragraph as though fully set forth herein.

86.     CENTERFOLDS entered into the Agreements with Counter-Defendants based upon Counter-Defendants definite and clear representations, promises, and actions that confirmed they wished to maintain an independent contractor relationship, and that they did not wish to be paid an hourly wage, which communicated their disavowal of any employer-employee relationship through both their words and actions.

87.     In making such promises, Counter-Defendants should reasonably have expected CENTERFOLDS to rely upon the representations, promises, and actions and expected that CENTERFOLDS would enter into the independent contractor arrangement with them as a result of their promises and to thereafter provide to Counter-Defendants the financial and other benefits of working as independent contractors.

88.     CENTERFOLDS relied upon Counter-Defendants' representations, promises, and actions and thereafter provided to them the financial and other benefits of working as independent contractors and did not require them to undertake any of the duties, restrictions, or financial conditions associated with an employer-employee relationship, where the employee is paid an hourly wage.

89.     If Counter-Defendants prevail in their affirmative claims, they will obtain the full benefit of using CENTERFOLDS' facilities, personnel, advertising, good-will, and all other assets of CENTERFOLDS to generate revenue and will simultaneously retain all such revenue,

including dance fees and dance tips, generated from their performances along with wage and other employee benefits, while CENTERFOLDS will retain no benefit from Counter-Defendants' use of CENTERFOLDS' assets and labor; all of which will result in an injustice resulting from CENTERFOLDS reasonable reliance on Counter-Defendants' definite and clear promises.

90.     As a direct and proximate result of the false promises by Counter-Defendants, CENTERFOLDS has suffered monetary damages, including Counter-Defendants' retention of the Entertainment Fees.

91.     As a result of Counter-Defendants' representations, promises, actions, the specific circumstances as alleged, and CENTERFOLDS' reasonable and foreseeable reliance, Counter-Defendants should be estopped from obtaining any relief, including an award of wages or other accouterments of employment, arising out of their promise to maintain independent contractor relationships with CENTERFOLDS or relief arising out of related promises.

92.     Alternatively, CENTERFOLDS is entitled to an award of all Entertainment Fees retained by Counter-Defendants as a result of their false promises and CENTERFOLDS' reasonable reliance in permitting them to perform at its business as against any award of wages or other accouterments of employment to which Counter-Defendants may ever found to be entitled.

## COUNT VII
## ACCOUNTING

93.     CENTERFOLDS incorporates herein by reference each and every paragraph as though fully set forth herein.

94.     As a result of the parties' agreements by which Counter-Defendants performed as independent contract entertainers, Counter-Defendants obtained control over Entertainment Fees belonging in whole or in part to CENTERFOLDS; Counter-Defendants also obtained control over an unspecified amount of Dance Tips.

95.     The determination of what is due to CENTERFOLDS, in light of the claims

above, necessarily involves difficult inquiries into financial information regarding Counter-Defendants' actual receipt of both Entertainment Fees, Dance Tips, and any other compensation or benefits they received as a result of performances at CENTERFOLDS, which is in the possession of Counter-Defendants and is not in the possession of CENTERFOLDS.

96.     Even with the opportunity to engage in liberal discovery, CENTERFOLDS cannot reasonably be expected to ascertain complete and accurate financial information that was in the sole possession of Counter-Defendants, that was likely not recorded by Counter-Defendants, and involved approximately, in HERNANDEZ's case, an alleged four-year period that began approximately seven years ago, and that would require substantial re-creation of events of such a nature that it would be too complex to unravel through a series of interrogatories or through a thorough examination of Counter-Defendants' memories during depositions.

97.     A jury would likewise be incapable of re-creating the financial records of Counter-Defendants under the circumstances outlined above and to thereafter come to a just conclusion as to the actual financial and other benefits Counter-Defendants received through their performances at CENTERFOLDS.

98.     CENTERFOLDS request for such equitable relief is within this Court's jurisdiction pursuant to Federal Rule of Civil Procedure 13(a).

99.     For the reasons above, CENTERFOLDS is entitled to an accounting of Entertainment Fees, Dance Tips, and any other compensation or benefits Counter-Defendants received as a result of their performances at CENTERFOLDS.

## COUNT VIII
## DECLARATORY JUDGMENT

100.     CENTERFOLDS incorporates herein by reference each and every paragraph as though fully set forth herein.

101.     As a result of the parties' agreements by which Counter-Defendants performed as independent contract entertainers and received benefits and compensation as independent contractors in conjunction with their present claims that they are simultaneously entitled to

68

the benefits, compensation, and treatment as an employee of CENTERFOLDS, a substantial and live controversy exists as to the true owner of various Entertainment Fees, Dance Tips, and other revenue generated by Counter-Defendants' performances at CENTERFOLDS.

102.    CENTERFOLDS' interests in resolving the ownership of the dance fees, dance tips, and other revenue are materially adverse to Counter-Defendants' interests in that Counter-Defendants claim ownership to all Entertainment Fees, Dance Tips, and other revenue, leaving no compensation or other benefit to CENTERFOLDS for allowing Counter-Defendants to perform at its business and providing facilities and support personnel necessary for Counter-Defendants to engage in profitable dance performances.

103.    To the extent that Counter-Defendants prevail in any of their claims to be adjudicated "employees" of CENTERFOLDS, the issue of the true owner of the Entertainment Fees, Dance Tips, and other revenue is an issue of immediate concern to the parties.

104.    In light of the foregoing, and pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, CENTERFOLDS requests a declaratory judgment of this Court identifying, as the proofs will establish, that CENTERFOLDS is the true owner of all Entertainment Fees and other revenue, aside from *bona fide* dance tips, generated by Counter-Defendants' performances at CENTERFOLDS.

## COUNT IX
## CONSTRUCTIVE TRUST

105.    CENTERFOLDS incorporates herein by reference each and every paragraph above as though fully set forth herein.

106.    As a result of the parties' agreements by which Counter-Defendants performed as independent professional entertainers, the Counter-Defendants obtained control over Entertainment Fees, which, in an employment context, exclusively belonged to CENTERFOLDS.

107.    As a result, legal title to the Entertainment Fees is presently held by the Counter-Defendants, but in light of the allegations of the Counter-Defendants that they were always employees of CENTERFOLDS and pursuant to the exercise of equity and good conscience, they

69

should properly belong to CENTERFOLDS or others (but not the Counter-Defendants).

108.   As the Counter-Defendants obtained possession of the Entertainment Fees, a confidential relationship existed between CENTERFOLDS and the Counter-Defendants.

109.   In light of the facts and circumstances here, as well as Counter-Defendants' repudiation of the independent professional entertainer relationship between Counter Defendants and CENTERFOLDS, retention by the Counter-Defendants of the Entertainment Fees would be inequitable.

110.   Furthermore, imposition of a constructive trust on the Entertainment Fees received by Counter-Defendants is essential to the effectuation of the legal requirements of the IRC and of equity and justice.

111.   As a result of the above and in equity and good conscience, this Court should impose a constructive trust in favor of CENTERFOLDS in regard to the Entertainment Fees earned by the Counter-Defendants but not returned to CENTERFOLDS.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CENTERFOLDS demands a trial by jury in this action for all Plaintiffs' claims and Counter-Plaintiff's counter-claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants and Counter-Plaintiffs request this Honorable Court enter an order that:

A.   Denies each and every element of relief requested by Plaintiff;

B.   Dismisses each and every cause of action alleged by the Plaintiff in their "Collective and Class Action Complaint";

C.   Denies class action status;

D.   Denies notification of any collective action;

E.   Provides for return of all Entertainment Fees obtained by Counter-Defendants;

70

F.      Provides for restitution, including a return of all Entertainment Fees, or for set-offs of Entertainment Fees received by Counter-Defendants against any award of wages, overtime payments, monetary benefits, or other accoutrements of employment to which Counter-Defendants may be found entitled in this action;

G.      Provides for damages as determined to be just and equitable;

H.      Provides for an accounting of all Entertainment Fees, Dance Tips, and Stage Tips earned by Counter-Defendants;

I.      Provides for the imposition of a constructive trust in favor of CENTERFOLDS on all Entertainment Fees obtained by Counter-Defendants;

J.      Awards the CENTERFOLDS their attorney's fees, costs, and interest so wrongfully incurred; and/or

K.      Provides for such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 20, 2019                                   s/ Matthew J. Hoffer
                                              Matthew J. Hoffer (MI P70495)
                                              SHAFER & ASSOCIATES, P.C.
                                              3800 Capital City Blvd., Suite 2
                                              Lansing, Michigan  48906
                                              517-886-6560 – Tel.
                                              517-886-6565 – Fax
                                              Matt@BradShaferLaw.com

                                              *Counsel for Defendants*
                                              *Cameo Investments, LLC and*
                                              *Cameo Investments II, LLC*

## PROOF OF SERVICE

I hereby certify that on this 20th day of June, 2019, I filed the foregoing document with the United States District Court for the Western District of Wisconsin via the Court's CM/ECF system, thereby causing electronic serviced upon all counsel of record by operation of the CM/ECF System.

/s/ Matthew J. Hoffer
SHAFER & ASSOCIATES, P.C.
