UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**MARTHA HERNANDEZ, ET AL.**

      **Plaintiffs,**

v.                                       CASE NO.: 19-cv-356

**CAMEO INVESTMENTS, LLC, ET AL.**

      **Defendants.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT MOTION TO APPROVE SETTLEMENT

Martha Hernandez and Yolanda Cole ("Plaintiffs") and Cameo Investments, LLC and Cameo Investments II, LLC ("Defendants" and collectively with Plaintiffs, "the Parties"), by and through their undersigned counsel, hereby file this Joint Motion to Approve Settlement and in support thereof state as follows:

1. On March 1, 2019, Plaintiffs filed an action in the Circuit Court for Montgomery County, Maryland against New York Italian Deli & Café, Inc. and John A. Russo, Case No. 463857-V (the "State Court Action").

2. Plaintiffs' Complaint in the State Court Action alleges violations of federal law, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Internal Revenue Code, 26 U.S.C. § 7434, as well as violations of Maryland's Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY., § 3-401 *et seq.*, and Wage Payment and Collection Act, MD. CODE ANN., LABOR & EMPLOY., § 3-501 *et seq.* Plaintiffs sought statutory damages, liquidated damages, and attorneys' fees and costs.

3. Plaintiffs and Defendants have concluded that an amicable resolution of this lawsuit is in their respective interests due to the risks and expenses associated with the forthcoming trial. Plaintiffs desire to settle, discharge, and forever terminate all claims and potential claims against Defendants in exchange for accepting a total payment of $10,000.00, with $2,500.00 to be paid to Plaintiff Martha Hernandez, $1,000.00 to be paid to Plaintiff Yolanda Cole, and $6,500.00 to be paid for Plaintiffs' attorney's fees and costs.

4. The settlement is contained in the Settlement Agreement and Release of All Claims ("Settlement Agreement") that was negotiated and executed by Plaintiffs and Defendants. A copy of the executed Settlement Agreement is attached hereto as Exhibit 1.

5. This case includes FLSA claims. Settlements in a FLSA case must be approved by the Court. *McAfee v. Hubbard*, 2017 U.S. Dist. LEXIS 62676, 2017 WL 1479304 (S.D. Ill. April 25, 2017); *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

6. To be approved, the settlement must constitute "a fair and reasonable resolution of a bona fide dispute." *Lynn*, 679 F.3d at 1355.

7. "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Misiewicz v. D'Onofrio General Contractors Corp.*, 2010 U.S. Dist. LEXIS 60985, *4 (E.D.N.Y. 2010).

8. When reviewing a FLSA settlement, a court normally considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the Defendants to withstand a larger judgment;

(6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Misiewicz*, 2010 U.S. Dist. LEXIS 60985, at *4.

9. There is a bona fide dispute here. The Parties are in disagreement (1) as to whether Plaintiffs are or were ever "employees" with rights to prosecute claims under the FLSA; (2) whether Plaintiffs, in fact, ever performed at Defendants' exotic dance club at any time during the 3-year potential statutory recovery period; and (3) if, *arguendo*, Plaintiffs did ever perform at Defendants' exotic dance club, whether the moneys Plaintiffs received from Defendants' customers met or exceeded Defendants' alleged minimum wage obligation.

10. Prior to settlement discussions, the Parties reviewed a mutual voluntary discovery exchange between the parties - - the core of which demonstrated Defendants' position that Plaintiffs performed, at most, a *de minimus* number of shifts at Defendants' exotic dance club during the potential FLSA recovery period. In contrast, Plaintiffs, though without documents to contradict Defendants' position, identified potential witnesses that would support Plaintiffs' allegations.

11. The Parties understood that if the litigation were to continue, both sides would incur additional expenditures at substantial risk and still face the prospect of a lengthy appeal process. By avoiding additional extensive litigation, resources that otherwise would have been consumed by the litigation were made available for settlement, thereby reducing the risk and uncertainties of the outcome of litigation for both Parties.

12. With respect to the portions of the settlement to be paid to Plaintiffs, these payments represent damages exceeding what Defendants' records reflect could be potentially by

Plaintiffs if this matter were litigated to judgment - - but less than Plaintiffs may be entitled to recover had a finder of fact sided with Plaintiff's factual position.

13. Since Defendants raised significant issues with respect to the viability and/or extent of Plaintiffs' claims for improper payment as well as the uncertain nature of litigation including liability issues, Plaintiffs decided to accept the aforementioned amount.

14. Additionally, Plaintiffs are represented by experienced counsel and settled this case aware of the risks and benefits of settlement. This settlement enables the Parties to avoid the unnecessary accumulation of additional litigation costs and attorney's fees. The settlement is the product of good-faith bargaining between the Parties, with advice of legal counsel. Given the uncertainty of the availability of both liquidated and exemplary damages, this amount represents a fair and reasonable settlement.

15. Finally, the amount allocated for attorneys' fees and expenses is fair and reasonable. Plaintiffs' counsel has extensive experience in FLSA and minimum wage matters, has analyzed this matter and has quickly achieved a result acceptable to Plaintiffs. Accordingly, the agreed upon amount of $6,500.00 represents a fee and cost payment that all parties agree is a fair and reasonable fee based on the pleadings and settlement negotiations that occurred in this case.

16. The settlement reached by the Parties is fair and reasonable as they have resolved this matter in an arms-length agreement. Conducting discovery, motions practice, and trial would have consumed tremendous amounts of time and resources and demanded substantial judicial resources. This trial would have been costly for all Parties and would have further deferred closure. Any judgment would likely have been appealed, thereby extending the duration of the litigation and exposing the Parties to unnecessary risk. This settlement, on the

other hand, will enable the Parties to avoid anticipated risks, burdens and expenses in establishing their respective claims and defenses. Therefore, Plaintiffs and Defendants agree that the settlement is fair and reasonable and should be approved by the Court.

WHEREFORE, the Parties respectfully request that this Court enter an order approving the settlement reached in this matter, dismissing this matter with prejudice, and for any additional relief as justice requires.

DATED this 19th day of September, 2019.        Respectfully submitted,

*s/ Larry A. Johnson*
Larry A. Johnson
Bar Number 1056619
Hawks Quindel, S.C.
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, Wisconsin  53201
Telephone: 414-271-8650
E-mail: ljohnson@hq-law.com

Gregg C. Greenberg
Maryland Fed. Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiffs*

s/ Matthew J. Hoffer
Matthew J. Hoffer
MI Bar No. P70495
Shafer & Associates, P.C.
3800 Capital City Blvd., Suite 2
Lansing Michigan, 49546
Telephone: 517-886-6560
Email: Matt@BradShaferLaw.com