## SETTLEMENT AGREEMENT AND RELEASE

This Agreement, dated this 11th day of September, 2019, is by and between Martha Hernandez and Yolanda Cole (collectively the "Plaintiffs"), on the one hand and Cameo II, LLC d/b/a Centerfolds Cabaret at 2900 Washington Avenue, Minneapolis, Minnesota and Cameo Investments, LLC ("Defendants") on the other hand (Plaintiffs and Defendants collectivity the "Parties").

WHEREAS, Plaintiffs performed as exotic dancers on the premises of Cameo Investments II, LLC and has filed claims in the Western District of Wisconsin in case Case No. 3:19-cv-00356 (the "Action");

WHEREAS, Defendants deny any and all liability to Plaintiffs; and

WHEREAS, all parties are asserting their respective contentions in good faith, and all parties realize the uncertainty and the time-consuming nature of litigation and desire to avoid spending additional time incurring additional expense in litigation; and

WHEREAS, all parties desire to enter into a compromise agreement that will terminate all disputes between them, all claims for relief, or causes of action with respect to all matters arising out of Plaintiffs' claims or relating in any way to Plaintiffs' relationship to Defendants or Plaintiffs performances or services provided at Defendants' premises.

WHEREAS, the parties have undertaken a good faith effort to apportion funds according to the relative strengths and weaknesses of Plaintiffs' claims.

NOW, THEREFORE, Plaintiffs and Defendants hereby enter into this Settlement Agreement and Release (the "Agreement") and voluntarily agree to the following terms and conditions in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

1. **Mutual General Release.** In consideration of the terms and covenants set forth in this Agreement, including but not limited to the payments described herein, Plaintiffs do fully release and discharge Defendants and their respective affiliates, related entities, trusts, successors, assigns, and current and former owners, directors, officers, agents, employees, attorneys, and accountants and Defendants hereby do fully release Plaintiffs, their attorneys and agents (collectively, "**Releasees**"), from all grievances, suits, causes of action, and claims of any nature whatsoever, whether known, unknown, or unforeseen, arising prior to and up to and including the Effective Date of this Agreement. This release includes, but is not limited to: (i) all allegations by Plaintiffs against Defendants and by Defendants against Plaintiffs related to any period while Plaintiffs were providing services on Defendants' premises; (ii) all allegations made against Defendants by Plaintiffs or Defendants against Plaintiffs in the Action or which could have been alleged in the action; (iii) any claim related to or concerning payment of wages; (iv) any discrimination or retaliation claims on any basis, including, but not limited to, race, color, national origin age, religion, sex, disability or handicap, sexual preference, whistle blowing, political affiliation, appearance, and marital status arising under any federal, state or local statute or

ordinance, order or law, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e *et seq.*), the Americans With Disabilities Act, the Equal Pay Act, as amended, the Family and Medical Leave Act, the Age Discrimination in Employment Act of 1967, as amended, and all applicable state and local human rights laws, as amended; (v) any other contract, tort or common law claim and any other claim under any other state, local or federal statute, ordinance law, or regulation, including but not limited to the federal Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*), 42 U.S.C. § 1981, and Chapters 103, 104, and 109 of the Wisconsin Statutes; (vi) any claim under any legal or equitable theory that Plaintiffs or Defendants have or could have had against the opposite parties prior to and up to and including the Effective Date of this Agreement; (vii) any and all possible legal and/or equitable relief including, but not limited to, wages, overtime, back pay, front pay, benefits, reimbursement, compensatory damages, restitution, punitive damages, damages for pain and suffering and emotional distress, and attorneys' fees and costs. **IT IS EXPRESSLY AGREED AND UNDERSTOOD THAT THIS RELEASE IS A MUTUAL GENERAL RELEASE.**

2. **Claims For Attorneys' Fees and/or Costs.** The Release set forth in Paragraph 1 specifically includes, but is not limited to, all claims for attorneys' fees and costs asserted against the Releasees.

3. **Payments and Other Consideration.**

Defendants shall make payment as specified below and in the Total Sum of TenThousand Dollars ($10,000.00), to Plaintiffs in full accord and satisfaction of Plaintiffs' claim for alleged unpaid wages, liquidated damages and all other damages. Defendants shall cause the payment to be made to Plaintiffs within twenty-one (21) days after approval by the Court or signed by the Parties, whichever is later.

Defendants shall make the payments in three separate checks as follows: (1) one check made payable to Zipin, Amster & Greenberg, LLC in the amount of Six Thousand Five Hundred and 00/100 Dollars ($6,500.00); (2) one check made payable to Martha Hernandez in the amount of Two Thousand Five Hundred and 00/100 Dollars ($2,500.00); and, (3) one check made payable to Yolanda Cole in the amount of One Thousand and 00/100 Dollars ($1,000.00).

Each party shall bear its own court costs or other costs incurred in connection with the Action, except as otherwise expressly provided herein.

Contemporaneously with the execution of this agreement Plaintiffs their attorney shall provide Defendants with complete executed IRS Form W-9's. Notwithstanding any provision to the contrary, Defendants obligation to make payments pursuant to this Agreement shall not commence until five (5) days after such IRS Form W-9's are provided.

Due to Plaintiffs' allegations and Defendant' denials Defendants will report the payouts in Form 1099-MISC and Defendants shall not make any witholdings from any of the checks described herein. Defendants shall issue the 1099 to Plaintiffs at the following address:

A. Zipin, Amster & Greenberg, LLC
   8757 Georgia Avenue Suite 400
   Silver Spring, Maryland 20910

B. Martha Herdandez
   98 19th Street
   Buffalo, New York 14213

C. Yolanda Cole
   2133A N 26th Street
   Milwaukee, Wisconsin 53205

4. **Recognition of Bona Fide Dispute**.

Plaintiffs represent and certify that this Agreement and the monies they receive pursuant to this Agreement is a reasonable resolution of bona fide disputes regarding the interpretation and application of such laws, rules, and/or regulations upon which their claims are based, including the Fair Labor Standards Act. Such disputes include, but are not limited to, whether Plaintiffs, or any one of them, meet the definition of an "employee," whether and in what amount the monies Plaintiffs retained are service fees which satisfy wage obligations, and the number of hours Plaintiffs "worked."

The Parties shall jointly move the Court to approve the Agreement so that the Agreement shall be fully effective. The Parties shall work together, shall use their best efforts, and shall do all things reasonably necessary to obtain approval of this Agreement. This agreement is of no force or effect until approved by the Court. The parties may seek approval of a signed or unsigned version of this agreement. The approval of an unsigned version of this agreement shall apply in full force as to the final signed version, so long as the final signed version is unchanged in its material terms.

5. **No Publicity and Confidentality of Plaintiffs Identies.**

The Parties agree that they and their agents and representatives shall not publicly disseminate or in any way assist in the public dissemination of the existence of this Agreement or any detail contained in this Agreement, including the amount stated in Section III of this Agreement, in a manner that identifies any party or could reasonably be anticipated to permit the identification of any party. The existence of and details contained in this Agreement, including the amount stated in Section III and otherwise in this agreement, shall not be used in any marketing, advertisement, or solicitation, by plaintiff, her agents, or her representatives, in a manner that identifies any party or could reasonably be anticipated to permit the identification of any party. Nothing contained in this Agreement shall limit the ability of the Plaintiffs to personally communicate the existence of and terms of this agreement to anyone in person, via telephone, via text messages or otherwise provided that such communication is not for purposes of public dissemination of or likely to lead to the public dissemination of the information Plaintiffs are prohibited from publicly disseminating above.

6. **No Disparagement.**

The Parties agree that they will not take any deliberate action or cause others to take any deliberate action, by word or deed, to defame, disparage, or directly harm the interests of the other, or to interfere with the relations the other has with their customers, vendors, employees, employers, prospective employers, or the public. If any party to this agreement believes that the other has violated this Paragraph 6, they will provide written notice of the specifics of any alleged violation including the dates of any alleged violations, all known witnesses to any alleged violation and the substance of any alleged violations or non-privilged communications about such violations to the other party within 30 days of learning of such alleged violation. Such notice shall include any proposed remedy to cure the alleged violation. Within 30 days of receiving notice of any alleged violation of this Paragraph 6, the party accused of violating this agreement shall state whether they agree to the proposed remedy to cure the alleged violation or whether they dispute the facts alleged. If the party notifed of an alleged breach does not agree to the proposed cure, the parties will meet and confer in a good faith effort to resolve the dispute, such meeting shall take place within 90 days of the notice of alleged violation unless the parties agree otherwise. Only after good faith efforts to resolve any disputes or the failure of the party accused of violating this agreement to participate in such good faith efforts, and only after a full and detailed notice has been provided may a party to this agreement pursue an alleged breach of this Paragraph 6. A party who has failed to make a full and complete disclosure of an alleged breach as set forth in this Paragraph will have been deemed to have waived any remedy for that alleged breach.

7. **Non-Admission.**

Plaintiffs acknowledge and agree that neither the execution of this Agreement nor any of the terms contained in this Agreement, including, but not limited to, the payments and other consideration set forth herein, shall be construed or interpreted as an admission by Defendants of liability or wrongdoing. Defendants expressly deny any liability and state that they have entered into this Agreement solely for the purpose of compromising, according, and satisfying any and all claims, without the cost and burden of further negotiations, mediation, or possible litigation.

8. **Entire Agreement.**

This Agreement represents the entire agreement of the Parties as to all matters relating to the subject matter hereof, and supersedes, merges and replaces all prior or contemporaneous negotiations, offers, promises, representations and agreements in regard thereto. This Agreement completely sets forth the settlement. No other promises have been made. No Party is relying on any other statement made by any party being released or by anyone acting on its behalf.

9. **Counterparts, Copies and Facsimiles.**

This Agreement may be signed in counterparts which, when taken together, shall constitute one agreement. Copies, facsimiles, and scanned signatures shall have the same force and effect as original signatures. No payment required hereunder shall become due and payable until the Agreement is fully executed.

10. **Notices**.

All notices required or permitted under this Agreement or related to this Agreement shall be in writing and shall be deemed delivered when delivered in person as verified by affidavit, delivered by overnight or commercial delivery service as verified by tracking and/or delivery confirmation, or delivered by registered or certified mail as verified by return receipt or USPS tracking, addressed as follows:

| | |
|---|---|
| To the Plaintiff Martha Hernandez: | 98 19th Street<br>Buffalo, New York 14213 |
| With a copy to: | Gregg Greenberg<br>Zipin, Amster & Greenberg, LLC<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910 |
| To the Plaintiff Yolanda Cole: | 2133A N 26th Street<br>Milwaukee, Wisconsin 53205 |
| With a copy to: | Gregg Greenberg<br>Zipin, Amster & Greenberg, LLC<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910 |
| To the Defendants: | Cameo Investments II, LLC<br>702 Tower Avenue<br>Superior, Wisconsin 54880<br><br>Cameo Investments, LLC<br>702 Tower Avenue<br>Superior, Wisconsin 54880 |
| With a copy to: | Matthew J. Hoffer<br>Shafer & Associates, P.C.<br>3800 Capital City Boulevard<br>Lansing, MI 48906<br>517-886-6560 – Telephone<br>517-886-6565 – Facsimile |

11. **Governing Law.**

This Agreement shall be governed by the laws of the State of Wisconsin, without regard to conflict of laws principles.

12. **Validity.**

If any provision of this Agreement is held to be invalid, void or unenforceable, in whole or in part, the remaining provisions of this Agreement shall not be affected thereby and shall continue in full force and effect.

### 13. **No Presumption.**

All parties acknowledge that they have had a full opportunity to review drafts of this Agreement and to make changes thereto, and in the event that an ambiguity or question of intent or interpretation arises as to this Agreement, no presumption or burden of proof shall apply favoring or disfavoring any party by virtue of authorship of any of the provisions of this Agreement.

### 14. **Modification.**

The terms of this Agreement cannot be modified except by a writing signed by all Parties, or by all Parties in any way affected by the modification, and shall be binding upon and inure to the benefit of the Parties, their respective heirs, personal representatives, assigns, officers, directors, members, shareholders, attorneys and representatives.

### 15. **Acknowledgement.**

The parties to this Agreement agree and acknowledge that: (a) any waiver of rights under this Agreement is **KNOWING AND VOLUNTARY**; (b) each party has been advised to consult with, and has consulted with, an attorney before executing this Agreement; (c) each party has had time to read and consider this Agreement before executing it; (d) each party has carefully read this Agreement; (e) each party executing this Agreement has the capacity to understand this Agreement; and (f) each party knows and understands the terms of this Agreement. Each party further represents that she, he or it has executed this Agreement **KNOWINGLY AND VOLUNTARILY** and on advice of counsel and that this Agreement was freely negotiated and executed without fraud, duress or coercion, and with full knowledge of its significance, effects, and consequences.

### 16. **Force Majeure.**

A party's failure to act or otherwise discharge a duty under this Agreement may be excused by a proven extraordinary event or occurrence beyond the control of the parties such as a war, strike, riot, natural disaster, terrorist act, or act of God.

**WHEREFORE**, the Parties hereto, intending to be legally bound and by their respective signatures below, acknowledge that there exist no other promises, representations or agreements relating to this Agreement except as specifically set forth herein, and that they knowingly and voluntarily enter into this Agreement with a full understanding of its contents.

**[SIGNATURE PAGES TO FOLLOW]**

## SIGNATURE PAGE TO SETTLEMENT AGREEMENT AND RELEASE

(Plaintiff)

Dated: **Sep 11, 2019**

*Martha Hernandez (Sep 11, 2019)*
Martha Hernadnez
Plaintiff

Dated:_____

Yolanda Cole
Plaintiff

**APPROVED AS TO FORM:**

ZIPIN, AMSTER & GREENBERG, LLC

Dated:_____

Gregg Greenberg
*Counsel for Plaintiffs*

## SIGNATURE PAGE TO SETTLEMENT AGREEMENT AND RELEASE

(Plaintiff)

Dated:_____                     _____
                                           Martha Hernadnez
                                           Plaintiff


Dated: Sep 11, 2019                        _Yolanda Cole (Sep 11, 2019)_____
                                           Yolanda Cole
                                           Plaintiff


**APPROVED AS TO FORM:**

                                           ZIPIN, AMSTER & GREENBERG, LLC

Dated:_____                     _____
                                           Gregg Greenberg
                                           *Counsel for Plaintiffs*