IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARTHA HERNANDEZ AND YOLANDA
COLE,

                          Plaintiffs,

    v.

CAMEO INVESTMENTS, LLC, and CAMEO
INVESTMENTS II, LLC, both doing
business as Centerfolds Cabaret,

                          Defendants.

ORDER

19-cv-356-wmc

---

      In their complaint, plaintiffs Martha Hernandez and Yolanda Cole assert claims on behalf of themselves and similarly situated employees for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and Wisconsin state law against defendants Cameo Investments, LLC, Cameo Investments II, LLC, which both operate under the business Centerfolds Cabaret.[1] Specifically, plaintiffs allege that defendants failed to pay them minimum wage as required under the FLSA and Wisconsin law and also fined them in violation of Wisconsin law. (Compl. (dkt. #1).)[2] After defendants answered and filed a counterclaim but before the court even held a preliminary pretrial conference, the parties reached a settlement. Before the court is the parties' joint motion for settlement. (Dkt. #20.)

      The settlement only concerns the claims brought by the two individual plaintiffs,

---

[1] Plaintiffs also named Cameo Family Investments, LLC, as a defendant, but the court previously dismissed that defendant based on the parties' stipulation. (Dkt. ##10, 11.)

[2] In the joint motion to approve settlement, the parties include allegations that are not from this action. (Joint Mot. (dkt. #20) ¶¶ 1-2.) The court has disregarded those paragraphs, and has instead considered the plaintiffs' complaint.

and does not involve any FLSA collective action or Rule 23 class claims. The settlement agreement releases all claims, and the parties seek dismissal of the entire action with prejudice. Still, because the settlement involves FLSA claims, the parties seek court approval.

To avoid a challenge to the validity of a settlement of FLSA claims, either approval by a court or the Department of Labor is required. *See Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transaction about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages."). In approving a settlement, the court must determine whether the settlement's terms and conditions represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and reflect a "compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

As set forth in the joint motion and in the attached settlement agreement, defendants have agreed to pay a total of $10,000, with $2,500 to plaintiff Hernandez; $1,000 to plaintiff Cole; and $6,500 to plaintiffs' counsel for fees and costs. The parties disagree as to whether plaintiffs are or were ever "employees" under the FLSA; whether they ever performed at defendants' exotic dance club at any time during the three-year statutory period; and whether the moneys plaintiffs received from defendants' customers

met or exceeded the minimum wage obligations. After exchanging discovery, the parties agree that defendants' records show that plaintiffs performed, at most, a *de minimis* number of shifts during the FLSA recovery period, though plaintiffs identified potential witnesses to challenge those records. Regardless, it appears that there are serious questions as to whether plaintiffs qualified as employees under the FLSA, and, if so, whether they would be able to demonstrate any significant damages. In light of these substantial questions, the court agrees with the parties that the $2,500 payment to Hernandez and $1,000 payment to Cole represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and reflects a "compromise of disputed issues." *Lynn's Food Stores*, 679 F.2d at 1354-55.

The settlement agreement also encompasses payment of $6,500 in attorneys' fees and costs. While the court would normally be troubled by a settlement agreement where 65% of the fund is allocated for attorneys' fees and costs, here, the amount of money is so small, that this concern is lessened. Given the time counsel spent in drafting the complaint, reviewing discovery, negotiating a settlement and seeking approval, the court concludes that the amount of negotiated fees is also fair and reasonable, especially in light of the limited value of plaintiffs' individual claims.

Accordingly, IT IS ORDERED that:

1) The parties' joint motion for approval of settlement (dkt. #20) is GRANTED.

2) All claims in this action are DISMISSED WITH PREJUDICE. The clerks' office is directed to close this case.

Entered this 28th day of October, 2019.

                              BY THE COURT:

                              /s/
                              _____
                              WILLIAM M. CONLEY
                              District Judge